# Farley *against* Ranck.

When the testimony of witnesses is irreconcilable, it is proper that the court should explain to the jury the rules by which the testimony of witnesses is to be weighed.

In an action of slander, the falsity of the words spoken implies malice; and if there be a plea of justification by the defendant, it is error in the court to refer to the jury as matter of fact whether the words were not spoken without malice.

[Farley v. Ranck.]

**ERROR** to the Common Pleas of *Union* county.

Jacob Farley against John Ranck. This was an action of slander, in which the words alleged to have been spoken were: " You are going to swear like you swore a hole in the still-kettle, for old Isaac ;" " thereby meaning that the said Jacob Farley committed perjury on the trial. of a certain issue," &c. The defendant pleaded " not guilty, with leave to justify." The cause was tried principally upon the plea of justification; and the defendant called several witnesses to prove that what the plaintiff had sworn on the trial of the issue referred to, was false; and the plaintiff called as many to prove that it was true.

Every part of the charge of the court (which was strongly against the plaintiff) was excepted to; but the only part particularly noticed here, was an objection to the strong manner in which the court instructed the jury on the subject of weighing the testimony of witnesses which was irreconcilable; and to that part of the charge in which the court said, that if the words were spoken " in terms of admonition, without malice, and with a view to prevent a repetition of the offence, then the jury may find for the defendant upon the plea of not guilty."

*Miller*, for plaintiff in error.
*Hepburn*, for defendant in error.

The opinion of the Court was delivered by

Kennedy, J.—This action was instituted for slanderous words alleged to have been spoken by the defendant, of the plaintiff, charging him, in effect, with having been guilty of perjury. The defendant pleaded not guilty, with leave to justify; upon which the plaintiff took issue. The plaintiff, on the trial, proved the speaking of the words by the defendant; and that they were spoken in a somewhat angry manner, in the course of an altercation which arose between the plaintiff and the defendant, about an appeal which the plaintiff wished to take from a judgment rendered against him by the defendant, as a justice of the peace, in favour of a third person. Indeed, some of the witnesses adduced on behalf of the defendant, also proved the speaking of the words by him; but he rested his defence upon his plea of justification, which he endeavoured to support by the testimony of several witnesses. The plaintiff, however, on the other hand, endeavoured to repel this evidence of the defendant by the testimony of as many as four witnesses, who testified to the truth of the fact, the same as the plaintiff had done, in doing of which the defendant, by the words set forth in the declaration, had charged him with having committed perjury. The evidence being closed on both sides, the court below delivered a pretty strong charge to the jury in favour of the defendant; the whole of which almost has been excepted to and assigned for error by the plaintiff. The matters generally,

[Farley v. Ranck.]

however, complained of in the charge, consist of observations made by the court to the jury in regard to the relationship in which the witnesses stood to the parties, respectively, as being worthy of their consideration in determining the credit that ought to be given to them. There was certainly nothing exceptionable in this; on the contrary, it may often be highly proper, and, indeed, necessary that the court should do so; for it is only explaining to the jury the settled rules of law by which the credit of witnesses is to be weighed and determined, when their testimony cannot be reconciled. The court also expressed their opinion in regard to some matters of fact; but not being done in such way as to control the jury in their decision of the same, it cannot be said to be error in law.

There is, however, one matter in which we think the court erred; and that was in submitting to the jury the question, whether the words laid in the declaration, and proved to have been spoken by the defendant, were not spoken by him to the plaintiff by way of admonition, without malice, and with a view to prevent a repetition of the offence; and if so, they might find for the defendant upon the plea of not guilty. Now it does appear to us, that no evidence was given which justified the court in submitting the cause, under this point of view, to the jury; for if the truth of the words were not proved, then the falsity of them implied malice on the part of the defendant in repeating them; and the circumstance of his having put in the plea of justification, without being able to make it good, tended greatly to strengthen the presumption of malice on his part, arising from their being false, and further, to show that the malice with which they were uttered still continued. It has certainly ever been considered a great aggravation of the injury done to the plaintiff, by speaking of him false, slanderous words, for the defendant to put in the plea of justification without being able to sustain it. Besides, in this case, so far as the evidence goes to show the manner and occasion of speaking the words, it would seem that the defendant was angry and displeased with the plaintiff, at the time, and not in a very suitable temper to give him friendly reproof or admonition, but rather disposed to gratify a hostile feeling of his own, which he had at that moment, at least, against the plaintiff. The direction, therefore, of the court on this point, was not warranted by the evidence, and may have misled the jury.

Judgment reversed, and *venire de novo* awarded.