## Gilinger *against* Kulp.

Generally speaking, the plea of payment admits the cause of action, and supersedes the production of proof of it.

The only exception is in the case of a bond of which profert has been made and oyer demanded, which must be produced to show there is no variance.

ERROR to the Common Pleas of *Montgomery* county.

This was a *scire facias* on a mechanic's claim filed by Gilinger & Lair, plasterers, against Samuel Kulp, owner, and James Bond, contractor. The defendants pleaded payment with leave, &c., and a release. The plaintiffs read the claim and *scire facias*. The defendants gave no evidence. The plaintiffs asked the court to charge, 1. That the plea of payment admitted the plaintiffs' demand, and, consequently, the plaintiffs were not bound to prove it, there being no evidence of payment by the defendants. 2. That on a plea of payment, the onus of proof lies on the defendant. 3. That in every such defence, whether legal or equitable, the demand on original ground is admitted. The court refused to give these instructions, but charged that as the plaintiffs had given no evidence to prove their demand, or that Kulp was owner, or Bond contractor, the plaintiffs ought not to recover, and the defendants were entitled to a verdict. The plaintiffs excepted to this charge, and assigned it for error.

*Hancock* and *Powell*, for the plaintiffs in error, cited *Lewis* v. *Morgan*, (11 *S. & R.* 234).

*Mulvany*, contra, cited *Roop* v. *Brubacker*, (1 *Rawle* 304).

PER CURIAM.—The principle of this case was settled in *Abbot* v. *Lyon*, (4 *Watts & Serg.* 39). The plea of payment admits the cause of action, and supersedes the production of proof of it in all cases, except perhaps in the case of a bond, of which a profert has been made and oyer demanded, and which must be produced to show that there is no variance between the bond set out by the oyer, and the bond declared upon. But this is an exception for particular reasons. On the case presented to the jury, the plaintiff was entitled to recover.

Judgment reversed, and a *venire de novo* awarded.