# Gebhart *versus* Francis *et al.*

A recital, in a declaration, of an executed or past consideration, is not usually traversable, and requires little certainty either of name, place, person, or subject-matter.

The plea of *non est factum* is a nullity in an action of debt on simple contract.

The plea of payment admits the cause of action as stated in the declaration, and throws the affirmative of the issue on the defendant.

ERROR to the Common Pleas of *Fayette county.*

This was an action of debt by Herman Gebhart against Robert Francis, Isaac Francis, and James W. Francis, upon an article of agreement fully set out in the plaintiff's declaration, which was as follows:—

"In the Court of Common Pleas of Fayette county, No. —— September Term 1850.

"Fayette county, ss.—Robert W. Francis, Isaac W. Francis, and James W. Francis, late of said county, yeomen, were summoned to answer Herman Gebhart of a plea of debt, &c. And thereupon the said Herman Gebhart by Jas. Veech, his attorney, complains: For that, whereas, on the 17th day of December, A. D. 1829, said plaintiff for himself and one Asa Smith, did by article of agreement, agree to sell and convey to one John Ander-

[Gebhart *v.* Francis *et al.*]

son, his heirs or assigns, one lot of ground lying on the You-ghiogheny river, bounded on the east by the river road, on the west by the river, on the north by the hill, and on the south by public ground, containing fifty feet, commencing at the upper corner of the house and running down the river, on which is erected a frame building, enclosing machinery formerly used for a nail factory; in consideration of which, said Anderson bound himself by said article of agreement, with his seal sealed, and to the court here shown, to pay said Gebhart & Smith five hundred dollars; viz. $100 on the 1st of August 1830; $100 in castings on the 1st of August 1831; $100 on the 1st day of August 1832; $100 on the 1st day of August 1834; and $100 on the 1st day of August 1835; on which last payment being made, said Gebhart & Smith were to make to said Anderson a good and sufficient title for the same, they transferring any ground they might have in front of the building and adjoining the public ground in front. And said John Anderson, on the 31st day of October 1832, assigned his title under said article to said Robert Francis and Isaac Francis, and one Jacob Anderson, and authorized said Gebhart & Smith to execute a conveyance to them, whenever they complied with the stipulations contained in said article of agreement; and the said Jacob Anderson, on the 3d day of May 1838, assigned his interest and claim under said article to the said James W. Francis and authorized said Gebhart & Smith to execute a conveyance to him, whenever he complied with the stipulations contained in said article of agreement; by virtue whereof, the said defendants possessed themselves of said property, and have ever since held and do still hold the same.

"And whereas also, afterwards, to wit: on the 19th day of October 1838, the said Gebhart, in the name of Gebhart and Smith, by article of agreement, did sell to said defendants, all that piece of ground lying below said Francis's foundry, being part of the same land that Gebhart & Smith purchased of the administrators of Zachariah Connell, deceased, be the same more or less; for which said defendants, by said article of agreement, with their seals sealed, and to the court here shown, agreed to pay said Gebhart & Smith three hundred dollars, in the following manner, to wit: $100 on the 1st day of April 1839, and $100 on the 1st day of April 1840, and $100 on the 1st day of April 1841, with lawful interest from the 1st day of October 1838.

"And on said first purchase, the said John Anderson having paid to said Gebhart $100, on account of the first payment, on the 2d day of October 1830; and paid to same, on the 10th day of February 1832, one hundred dollars in castings, as per receipt endorsed; and on the 8th August 1840, the said defendants had paid thereon part of note given to Boyd & Davidson, two hundred dollars, per receipt endorsed; and on same day, they paid

[Gebhart *v.* Francis *et al.*]

on said last purchase, $149.85, other part of note given to
Boyd & Davidson; and there being then more than three hun-
dred and fifty dollars yet due of said purchase-money, it was then
agreed, at the county aforesaid, that, in consideration of the pre-
mises, and that plaintiff would permit and procure the devisee,
Martha Smith, of said Asa Smith, then deceased, to convey
directly to said defendants her undivided moiety of said property,
that they the said defendants would pay to said Martha Smith for
said plaintiff, as of the 1st of August 1840, the sum of three
hundred and fifty dollars, which when paid was to be credited to
them on account of arrears of said purchase-money, and the resi-
due thereof they were to pay to said Gebhart, when requested:
and the plaintiff saith, that said Martha Smith did so convey to
said defendants, and they gave to her their judgment bond for
said $350 and interest, which they have paid; leaving due and
unpaid to the plaintiff, as he avers, the sum of forty-nine dollars
and twenty cents, with interest thereon from August 8th 1840.
And plaintiff avers, that he has been at all times, and yet is, ready
to comply with said agreement on his part, and has tendered, and
herewith filed, a deed of conveyance to said defendants, of said
lots and parcels of land with the appurtenances, such as, with the
deed from Martha Smith aforesaid, accepted by them, conveys to
the said defendants a good and sufficient title for the same.   By
reason of the premises, said defendants have become liable to pay
to said plaintiff said arrearage of said purchase-money, and
action hath accrued to said plaintiff to have and demand the
same from them; the same being wholly unpaid.

"Nevertheless, the said defendants, although often requested,
have not paid to the plaintiff, the said sum of $——, or any part
thereof, but the same to him to pay, have wholly neglected and
refused, and still do neglect and refuse, to the damage of the
plaintiff one hundred and fifty dollars, and therefore he brings
his suit, &c."

The defendants pleaded *non est factum,* payment, and payment
with leave.

On the trial, the plaintiff read his declaration, and rested.
The defendants offered no evidence.   And the court directed the
jury to find for the plaintiff, with leave to enter judgment for the
defendants, *non obstante veredicto,* if the court should be of opinion
that the plaintiff, under the pleadings, was not entitled to recover.
There was a verdict accordingly for the plaintiff for $98.15,
subject to the opinion of the court on the point reserved.

The court below (GILMORE, P. J.) afterwards gave judgment
for the defendant on the point reserved, and delivered the follow-
ing opinion:—

"We can see nothing in the *narr.* or pleadings, which will
amount to a waiver of the plea of *non est factum.*   The recital

[Gebhart v. Francis et al.]

in the declaration, that the defendants have paid part of certain moneys on the agreement, is not sufficient. This is not like the case of Randall v. Lynch, 2 *Camp.* 352; there, it is true, that, notwithstanding the plea of *non est factum*, it was ruled, that the production of the subscribing witness might be dispensed with, but this was, on the ground, that the defendant, after the plea, had paid money into court on the contract, and it was held, that this was a sufficient admission, to dispense with the presence of the subscribing witness. There is, however, nothing like this in the present case; no admission of any kind, since the plea. The judgment must, therefore, be for the defendants. Judgment accordingly on payment of jury fee.

The plaintiff thereupon sued out this writ, and here assigned the same for error.

*A. S. Fuller*, for the plaintiff in error.

*Kaine & Howell*, for the defendants in error.

The opinion of the court was delivered by

CHURCH, J.—There is manifest error in the judgment entered by the Common Pleas in this case.

It most likely arose from the irregularity of the pleadings there. The deductions of the learned judge were mainly correct, but then his premises were all wrong. The action was in debt on simple contract, and declared on as such, and not, as supposed, on a specialty. The plea of *non est factum* was therefore a nullity. The *inducement* to the contract, set forth in plaintiff's *narr.*, would have been better, perhaps, omitted altogether. It is, at most, in pleading, generally, but a sort of preamble. A recital of the circumstances, which brought the parties to the making of the contract, furnishing the foundation of the action. It is usually unnecessary in the pleading, except to aid in composition for the purpose of greater perspicuity: 1 *Chit. Pl.* 317. It requires very little certainty, either of name, place, person, or subject-matter, because not usually traversable, when, as here, constituting no more, at best, than an executed or past consideration: *Id.* 319. So when the debt arises, not from the matters set forth as *inducement*, but from some other *dehors* in the *narr.*, the court concludes as here, *per quod actio accrevit: Id.* 394. Here the consideration was the procuring Martha Smith, who held the legal title of an undivided moiety of land, to convey it directly to defendants. That being performed, they agreed to pay a specified sum to her, and this forty-nine dollars and twenty cents, with interest thereon from the 8th of August 1840, to the plaintiff. This is most certainly a very different, and wholly inde-

[Gebhart *v.* Francis *et al.*]

pendent contract, from any indicated in the inducement or pre-amble of the *narr.* No such action as this is, could have been instituted between these parties, upon those recited specialties. If the defendants desired to deny the contracts, and their liability under that declared on by plaintiff, they should have pleaded *nil debent.* But going to trial, on the plea of *payment,* in reality (the other being a nullity from its entire inapplicability), they took the affirmative of the issue, and were necessarily required to be first in proof. The case of Gilinger *v.* Kulp, 5 *W. & S.* 264, rules this:—It was a *sci. fa.* on a mechanic's lien claim; the plea was *payment;* the plaintiff read his claim, and the writ, and rested. The defendant gave no evidence. The court say there, the verdict must be for the plaintiff. The same principle is found in Abbott *v.* Lyon, 4 *W. & S.* 39. Lewis *v.* Morgan, 11 *S. & R.* 234, was also a case of *sci. fa.,* on a mechanic's lien, tried on the plea of payment. And it was adjudged by this court, that the plea admitted the truth of all the material averments in the writ, as there set out, and put the defence entirely on collateral grounds. The aver-ments are to be taken *pro confesso: Id.* 236–7. It is true, that in debt on a specialty, where the plea is merely payment, in practice, the plaintiff usually exhibits the specialty to the jury, as affording an exhibit of the sum he claims. But it is no more than the read-ing of his statement, or declaration, for if these were sufficiently artistic and definite, it would be enough. This was done here;—the plea of payment was to be taken, as admitting the contract and original liability, as declared upon. The issue is formed by the actual or presumed replication of *non solvent.*

As the case was presented in the court below, the judgment should have been entered for plaintiff upon the verdict.

Judgment of the Common Pleas reversed, and judgment entered for the plaintiff on the verdict.