*Court of Quarter Sessions, Dauphin County, September 17th,* 1860.

## In the matter of the Hickory Tree Road.

After viewers had presented their report at the regular term of court, and after exceptions to it had been filed, a petition for a review presented at an adjourned court is in time. The report of viewers in a road case will not be set aside because one of them asked the owner of land how much damages he would claim for opening the road through it.

By the Court.—At November Sessions, 1859, a petition was presented, asking to have viewers appointed to lay out a road between the above-stated points. Viewers were appointed, who reported to January Term, 1860, which commenced on the 16th of that month. On the 13th, exceptions were filed to the report. On the 13th of February, a rule to take depositions in support of the exceptions was entered. On the 12th of March, a petition for a review was presented and filed. On the 26th of March the exceptions were overruled, and reviewers were about to be appointed, but by consent further action was postponed till April adjourned sessions, without prejudice to either party. May 9th, 1869, being the adjourned sessions of April, reviewers were appointed, who reported adversely to the road, and exceptions were filed to their report. Two questions are now presented. 1. Was the petition for a review in time? 2. Are the exceptions as established, sufficient to set aside the report of the reviewers? The regular term of the Quarter Sessions ended on the 20th of January, that is, the first week of the sessions. It has very long been the practice of the courts in this county to dedicate the first week to the trial of criminal cases. All other business in the sessions is postponed till the next week but one, the second being occupied with civil suits. All of the courts are then adjourned from week to week, meeting every Monday, until the next regular term. The petition for a review was not presented on the regular week; nor at our customary time for acting on the road business, the third week, but was at an adjourned meeting of the sessions on the 12th of March, and before the exceptions had been decided. We have no doubt that the petition would not have been in time but for the pending exceptions. Although it has been the practice of this court to regularly and formally *confirm* road reports at the second term, generally at our argument court, yet no such formal confirmation is necessary. The report is to be confirmed *nisi* at the term to which it is made, and the width fixed, and it becomes confirmed, and *ipso facto* a road, if exceptions are not filed, or a petition for a review presented during the next term. That term does not continue by adjournment to the third term, but ends with the regular week of the sessions. For these principles, see Road Case in Bucks County

(3 Wh., 105); Ewing's Mill Road (8 Casey 282). The court may by rule require the petition for a review to be presented in all cases on the first week of the term, and may refuse the review, if not so presented (3 Casey 69). And the final action of the court may be postponed by exceptions filed (8 Casey 285). We think that if a rule of court is required to debar the right of presenting a petition for a review at an after-time, where exceptions are pending, it carries with it the implication that the right exists independent of the rule, and as this petition was presented at an adjourned term of the sessions, between the regular and the next regular terms, and before the exceptions were disposed of, it is in time. The second exception to the review is not supported by the facts.

It is conceded that one of the viewers made inquiry of a person through whose land the road was proposed to be located, what damages he would claim if it was so made, and the landowner stated a very large sum, some two thousand dollars. The inquiry was publicly made, in presence of all the parties, their counsel, and the other viewers. Is this a good ground for setting aside the report?

We have a special road system in this county, varying from the general law in several particulars. But three viewers are to be appointed, who, after locating the road, are to endeavor to procure releases from the property-holders, and, on failure, are to assess the damages. The court afterwards, and before confirmation, determines whether it will subserve the public interests to open the road, taking into view the amount of the damages to be paid, and may fix as a condition that the damages be discharged by the petitioners or others interested. We do not consider that the present act repeals the general road laws, or changes the duties of the viewers, further than is expressed in terms. They must still lay out the road by the nearest and best route, having in view what will do the least injury to private property, and best subserve the public interest and convenience.

It never was illegal for a viewer to be governed in locating a road, to some extent, by considerations of damage claims, or to say, "I will pass through the land of one man because he will not claim damages, and avoid that of another who will consider himself greatly injured."

It is very true that under the present law, the road is to be located first, and the application made for the releases afterwards; but we would not consider it illegal for the viewers, before locating finally, to know if the property-owners would release. The public wants of travel are not to be disregarded on account of the damages to be paid, unless the amount exceeds the general convenience; but the injury to private property is an item for careful consideration by the viewers in locating a road, as well as by the

[The Commonwealth *v.* Emerson.]

court in confirming the location.    The amount of damages *asked* is not to deter the review, but the extent of the injury which will be *done.*    Where the damages will be released by the property-owner, the viewers can well believe that the benefit will exceed the injury.    Where it is refused, the viewers must then assess the amount of damages the property will sustain, after taking into consideration the benefits to be derived from the road, and in making this estimate, should be governed by their own judgment, without regard to the estimate of the owners, except that they cannot allow *more* than the owners demand.    We see no sufficient reason for setting aside the report of the reviewers.

AFFIRMED BY THE SUPREME COURT (43 Penna. Stat. 139).

*Kunkel and Fisher, for exceptants.*

*Mumma and Alricks, for petitioners.*