## KROENER *versus* COLHOUN.

APPEAL from the Court of Common Pleas of *Philadelphia*. In equity.

This was a bill by John Kroener against William Colhoun.

The bill set forth that the defendant, by indenture dated the 6th of August 1862, conveyed to the complainant, in fee, a lot of ground on Franklin avenue, Philadelphia, reserving a yearly ground-rent of $78.75, *lawful money of the United States*; that by the indenture it was provided that if the grantee should at any time thereafter pay to the grantor $1312.50, *lawful money aforesaid*, in one payment, and the arrearages of rent, the yearly rent should be extinguished, and the grantor would, at the cost of the grantee, by a proper deed, release the rent; that the complainant has tendered to the defendant the sum of money required for extinguishing the rent, in "lawful money of the United States, being the legal-tender notes thereof," but that the defendant refused to receive them, and to execute a release, &c.; and praying that the defendant might be compelled to execute a release, &c.

[Kroener v. Colhoun.]

The defendant demurred to the bill, and alleged the following causes of demurrer:—

· 1. That the complainant has not stated such a case as ought, in equity, to entitle him to any such relief as is thereby sought against the defendant.

2. That he tendered no deed of release to the defendant, for execution by the latter.

3. That there is no mutuality in the contract for release or extinguishment of the ground-rent, as set forth by the complainant.

4. That the principal sum of said ground-rent, professed to be tendered by the complainant, constituted no debt from complainant to the defendant, for payment of which the notes aforesaid were to be a legal tender.

5. That the ground-rent represented by the said principal sum was an estate, and not a debt.

6. That the notes tendered by the complainant were not a constitutional currency, nor lawful money of the United States.

The court below (Allison, J.) dismissed the bill; which was assigned for error.

*W. L. Hirst*, for appellant.—Whether legal-tender notes are a lawful tender to extinguish a ground-rent is the question in this case. The grantee *literally* complied with the contract. If the rent is not a debt but an estate, it is subject to the right of the grantee to purchase it for a certain price, at a time fixed by his option, in currency then legal. When the option is exercised, the price becomes a debt. If the covenant itself had fixed the day of payment, at that day it would have become a debt; the circumstances of this case produced the same result.

*G. M. Wharton*, for appellee, waived for the present argument the discussion of the power of Congress to issue paper money. A ground-rent is not a debt within the Act of Congress, even after the grantee has elected to redeem. A debt is a sum of money due by certain and express agreement: 3 Bl. Com. 154. Unless it be demandable, no claim can be maintained for it: Broomfield *v*. Smith, 1 M. & W. 542; 1 Chitty's Pl. 121, 123, 129; Butcher *v*. Andrews, 1 Salk. 23. Payment is matter in discharge of an action, and pleading it supersedes the production of proof of the cause of action: 1 Chitty's Pl. 512, 515; Gilinger *v*. Kulp, 5 W. & S. 264.

Ground-rents, in Pennsylvania, are not *annuities*, but ordinary *rent-service :* Ingersoll *v*. Sergeant, 1 Wh. 337; Franciscus *v*. Reigart, 4 Watts 98; Kenege *v*. Elliott, 9 Id. 262; Juvenal *v*. Patterson, 10 Barr 282. A rent-service is not a debt: Bosler *v*. Kuhn, 8 W. & S. 186; Irwin *v*. Bank of United States,·1 Barr

[Kroener *v.* Colhoun.]

349–353; McQuig *v.* Morton, 3 Wright 31; Cobb *v.* Biddle, 2 Harris 445.

The Acts of Congress in question should be strictly construed, because they vary the standard of value and should at most be applied only to contracts made after their passage. Paper money is money only by usage: Miller *v.* Race, 1 Barr 452; Reading Railroad Company *v.* Morrison, in Cir. Ct. of U. S., E. Dist. of Penna., per Grier, J.

In order to compel specific performance, it is a fundamental principle that each party shall have such a right. There must be mutuality between the parties. Where one of the parties to a contract has but an option and the other no right at all, a bill will not lie at the instance of the party having the option: Lawrenson *v.* Butler, 1 Sch. & Lef. 18; Hill *v.* Crolls, 2 Ph. 60; Flight *v.* Bolland, 4 Russ. 298; Rolfe *v.* Rolfe, 15 Sim. 88; Bodine *v.* Glading, 9 Harris 50.