## George Albright and John Albright, plaintiffs in error *against* lessee of James M'Ginnis.

Where a judgment of the Common Pleas has been reversed on error, but the record not remitted, nor a *ven. fa. de novo* awarded, and there has been a trial on the merits in C. B., court will order those rules to be entered *nunc pro tunc*, to support the verdict.

WRIT of error to the Common Pleas of Cumberland county. The facts on the writ of error and record returned, appeared as follows:

The defendant in error recovered the lands in question on a trial in October term 1797, wherein a bill of exceptions was sealed. Judgment was rendered the same term; whereupon a writ of error was brought in the Supreme Court, and the judgment reversed and restitution awarded, in December term 1799. The record was brought back to the Court of Common Pleas, but without any direction of the superior court for that purpose;

[Albright, in Error, *v.* M'Ginnis.]

and in November term 1801, a rule for special jury and view, was obtained at the instance of the plaintiffs in error. The cause came on again to trial, in the Court of Common Pleas on the 2d February 1802, when the defendant in error obtained a second verdict. Reasons in arrest of judgment were filed, stating the reversal of the first judgment in the Supreme Court, and that the record had not been remitted by their direction, nor had they awarded a *venire facias de novo*. But the Common Pleas overruled those reasons, and rendered judgment on the last verdict, on the 24th July 1806, whereupon the present writ of error was brought.

Mr. Watts, for the plaintiffs in error, contended, that every thing which had been transacted in the suit in the court below, after the first judgment was reversed, was a mere nullity. The first writ of error tied up their hands, and unless the record was remanded, or a new suit brought, they could have no jurisdiction over the subject matter. The awarding of a *venire facias de novo*, on a judgment being reversed by the Supreme Court, has commenced very lately.

Mr. Duncan, for the defendant in error. The reversal in this court went on the ground of improper evidence being received in the Common Pleas on the first trial. It was not a final judgment. *But in such case it is now settled, that they will remit the record, and order a new trial. Why shall it not be done here? The defendants below appeared voluntarily, and took their rules in the usual course, without objecting to the proceedings. The cause has been tried on its merits, and those defendants after taking their chance on the trial for a verdict, ought not now to object to what has been done.

TILGHMAN, C. J. delivered the opinion of the court. This cause was originally tried in the Common Pleas, and a verdict had there for the plaintiff, and judgment. It was removed on a writ of error to the Supreme Court, on a bill of exceptions, and the judgment of the Common Pleas was reversed. The Supreme Court made no actual order to remit the record; but the plaintiff below considered the cause as still depending in the Common Pleas, and a rule for struck jury and view was entered there at the instance of the defendants; after which the cause was tried, and a verdict and judgment entered for the plaintiff, on which this writ of error is brought.

This court are of opinion, that inasmuch as they had a power to remit the record and award a *venire facias de novo*, and as the parties have proceeded to a trial, and the cause has been tried on its merits, it is proper that an order to remit the record to the Court of Common Pleas, and an award of a *venire facias de novo*, should now be entered, as of the term when the first judgment was reversed. This being done, the proceedings will all be regular. This court will always support verdicts, where there

[Thursby, in Error, *v.* Gray's Adm'rs.]

have been trials on the merits, when they have it in their power. Let the judgment of the Court of Common Pleas therefore be affirmed.

Cited in 9 S. & R. 36 in support of the decision that the description of a road prayed for by petition as beginning at a dwelling house, which is known, and ending at a public road, is sufficiently certain. Cited for a similar purpose in 35 Pa. 281.