# West Pikeland Road.

63        471
19 SC ⁵377
19 SC ¹378

1. A church or cemetery may be a terminus for a public road.
2. It is not a requisite of a public road that all the inhabitants of the county will have occasion to use it ; if many persons besides those owning the land where it terminates find it useful and convenient.
3. A church is open to all who desire to worship God and receive religious instructions, at the regular and appointed seasons, and who behave with propriety.
4. Viewers are to have respect not merely to the shortest distance, but to the best ground and so as to do least injury to private property.
5. It is not necessary that a road should start or terminate in another road

[West Pikeland Road.]

at right angles, it may connect at a very acute angle and part of the roads be near parallel.

January 17th 1870.  Before THOMPSON, C. J., READ and SHARS-WOOD, JJ.  AGNEW, J., at Nisi Prius.  WILLIAMS, J., absent.

Certiorari to the Court of Quarter Sessions of *Chester county:* No. 120, to July Term 1869.

On the 10th of June 1868, a petition was presented to the Court of Quarter Sessions of Chester county, praying for viewers "to lay out a public road, beginning in the public road leading from Cedar Hollow to Tustin's bridge, at a point in the same, near the St. Peter's Lutheran and German Reformed Church, and ending at a point on the grounds of said St. Peter's Lutheran and German Reformed Church."

Viewers were accordingly appointed, who, at the next term, reported that they had laid out a public road, "beginning at an iron pin in the public road, leading from Cedar Hollow to Tustin's bridge, &c., thence partly along said road and through a narrow wedge of unimproved land belonging to the German Evangelical Lutheran Church, and passing in front of said St. Peter's Lutheran and German Reformed Church, &c. * * * to a post on land belonging to St. Peter's Lutheran and German Congregations."  On the 10th of August 1868, this report was read and confirmed nisi.

On the 13th of August, exceptions were filed by the German Lutheran Evangelical Church, viz. :—

" 1. The viewers had no power to lay out a public road from the property of a private corporation to a public road.

" 2. Instead of laying out a road from the property of the corporation to the public road by the most convenient and direct route, they have laid out a road nearly parallel with, and partly on the bed of the present road, extending 11 perches in length, and for about two-thirds of the distance along the front of the church property, in violation of their duty and in fraud of the law."

Sept. 14th 1868.  The exceptions were dismissed and report confirmed.

Feb. 11th 1869.  Reviewers were appointed.

April 27th 1869.  Report of reviewers laying out the road on the same ground as the viewers, read and confirmed *nisi.*

May 10th 1869.  The same exceptions as before were filed by the same party.

June 14th 1869.  The exceptions were dismissed, the report of the reviewers confirmed, and the road ordered to be opened thirty-three feet wide.

In dismissing the last exceptions, the court (Butler, P. J.) delivered the following opinion :—

[West Pikeland Road.]

" The road terminates at a church and public cemetery. The place is known to be one of great resort, as well by the public at large, as by the members of the church. We entertain no doubt that it is a proper and lawful terminus for a public highway, just as is a wharf, a ferry or a railroad depot, or other place to which the public has occasion to travel. The first exception is therefore dismissed.

" There is no substance in the complaint contained in the second exception. The new road is connected with the old one at the place of beginning, in the usual and proper manner. At the point where two roads diverge from each other, or where a road forks, necessarily each road or fork must be for a short distance partially run over the same ground, increasing the width beyond the number of feet allowed to either. That the jury did not start at the edge of the old road, but a few feet further back, running over it for a short distance, is unimportant. This exception is also dismissed."

The proceedings were removed to the Supreme Court by certiorari at the instance of the German Evangelical Lutheran Church.

The following errors were assigned:—

1. Dismissing the exceptions and confirming the reports of viewers and reviewers.

2. Deciding that a public road may be laid out from the property of a private corporation to a public road.

3. Not setting aside the reports, the viewers and reviewers not having laid out the road from the property of the corporation to the public road, by the most convenient and direct route, but having laid it nearly parallel with the old road, along in front of the church property, in violation of their duty and in fraud of the law, is shown by the reports and drafts.

*W. Darlington*, for certiorari, referred to Act of June 13th 1836, Pamph. L. 555, § 4, *et seq.*; Purd. 871–880, pl. 4–94. A public road under this act is a highway; a highway is an open communication from one city or town to another: Webster's Dict. *in verbo;* Woolrych on Ways 3–4; 1 Blackstone's Com. 358; 2 Id. 35; House *v.* Bardin, 1 H. Bl. 355. It must be a public *thoroughfare*: Wood *v.* Veal, 5 B. & Ald. 459; Woodyear *v.* Hadden, 5 Taunt. 126. A private way is such as goes to a church, house, &c.: 3 Comyn's Dig. 58, *Chimin* D. 1; 1 Hawkins's P. C. Ch. 76, § 1; Act of June 13th 1836, § 11, Pamph. L. 536; Purd. 872, pl. 13. Private way cannot be laid out as a public road: Miller's Road, 9 S. & R. 35; Sandy Lick Creek Road, 1 P. F. Smith 94.

*J. S. Futhey*, contrà, referred to Act of 1836; Sandy Creek

[West Pikeland Road.]

Road, *supra*. A public road may be laid out from a highway to a place of public resort: Extension of Second Street in Columbia, 11 Harris 346; Rugby Charity *v.* Merryweather, 11 East 375; Rex *v.* Lloyd, 1 Campbell 260; Bateman *v.* Black, 14 Eng. L. & Eq. 69; Angell on Highways 109; Angell & Durfee on Highways 110.

The opinion of the court was delivered, October 20th 1870, by SHARSWOOD, J.—The principal question which has been raised upon this record is, whether a road described as beginning at a public road and ending on land belonging to St. Peter's Lutheran and German Congregation, can be laid out as a public road. The general road law, the Act of June 13th 1836, Pamph. L. 551, does not define a public road, but it does give what may be considered a definition of a private road, as "a road from the respective dwellings or plantations of the petitioners to a highway or place of necessary public resort, or to any private way leading to a highway:" § 11. The viewers are required to state particularly whether the road desired be necessary for a public or private road. In this case both viewers and reviewers reported that the road as petitioned for as a public road was necessary, and both reports were confirmed by the court. We entertain no doubt that a church or a cemetery may be a lawful terminus of a public road, and we think it to be fairly inferred that in this case the land belonging to St. Peter's Lutheran and German Congregation was occupied and used for one or both these objects. A church is a place of public resort, and especially when a graveyard is attached to it, it may be very necessary for the accommodation of the neighborhood that the road to it should be a highway. It is not a requisite of a public road that all the inhabitants of the county will have occasion to use it. It is enough that many persons besides those owning the land where it terminates will find it useful and convenient. A church is open to all who desire to worship God and receive religious instruction at the regular and appointed seasons; it is not closed against any one who behaves with propriety. The Acts of Assembly of April 2d 1822, Pamph. L. 286, and March 16th 1848, Pamph. L. 447, recognise places of religious worship as entitled to the special protection of the laws against interference or disturbance.

"When the want of a road from one given point to another," says Chief Justice Black, "would prevent a portion of the public from getting to market, to church, or to other places where men are in the habit of meeting, on their lawful business, or in pursuance of their proper duties, the road is necessary:" Extension of Second street in Columbia, 11 Harris 346; see Simmons *v.* Mumford, 2 Rhode Island 172. In the case of Church Road, 5 W. & S. 200, it will be seen that a public road was laid out in

[West Pikeland Road.]

1734, both the termini of which were churches, "from the church in Whitemarsh township to the church in Oxford."

There is nothing in the second exception. It is certainly true that the provision of the law which limits the breadth of a public road to fifty feet cannot be evaded by laying out two roads parallel and adjoining to each other : Road Case, 4 W. & S. 39 ; but it is not necessary in any case for a road to start from or terminate at another at right angles. The viewers are to have respect not merely to the shortest distance, but to the best ground, and so as to do the least injury to private property. To accomplish these results it may often be required that one road should connect with another at a very acute angle, and thus for a part of the route be nearly parallel.

Order affirmed.