## Schuylkill River Road.

*Road law—Terminus—" Place of public resort."*

A large manufacturing plant covering many acres of land on which are erected a number of mills, shops, offices, etc., and where thousands of persons are employed, and at which there is also a public station on a railroad, is a sufficient terminus for a public road as a " place of necessary public resort" within the meaning of the Act of June 13, 1836, P. L. 551, section 11.

The "necessary resort" of the statute may be taken to be a place of public resort where men are in the habit of meeting on their lawful business or in pursuance of their proper duties.

*It seems* that a public highway may terminate in a cul de sac.

Argued Dec. 3, 1901. Appeal, No. 262, Oct. T., 1900, by John H. Miller, from order of Q. S. Montgomery Co., Oct. T., 1900, No. 23, dismissing exceptions to report of jury of review vacating a portion of Schuylkill River Road, and confirming their report, In re Vacation of a Portion of Schuylkill River Road in Lower Merion County. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of jury of review.

The only question raised by the exceptions was whether the Pencoyd Iron Works was a proper terminus for a public road.

The court in an opinion by SWARTZ, P. J., held that the Pencoyd Iron Works was a public place at which a public road might properly terminate, and dismissed the exceptions.

376, (1902).] Assignment of Errors—Opinion of the Court.

*Error assigned* was in dismissing exceptions.

*Henry C. Boyer*, for appellant.—The iron works was not a public place: Parker v. State, 26 Tex. 207; Tidd v. Smith, 3 N. H. 178; Russell v. Dyer, 40 N. H. 187.

*F. P. Prichard*, with him *Silas Jones* and *John G. Johnson*, for appellee.

OPINION BY ORLADY, J., February 14, 1902:

A part of a public highway known as the Schuylkill Valley road in Lower Merion township was vacated in proceedings in the quarter sessions, under and by which some 317 feet of the public road northerly from its terminus were vacated, and the road now ends at a point on the property of a private corporation operated for profit. It is urged that this ending point is not a sufficient terminus for a public road, although it is conceded that the point is opposite to and at the Pencoyd Iron Works, a large manufacturing plant covering many acres of land on which are erected a number of mills, shops, offices, etc., and where thousands of persons are employed in a great industrial establishment.

With the merits of the case we have nothing to do; they raise questions of utility and expediency to be decided by the court of quarter sessions, and it may be taken as legally determined that the portion of the road vacated has become useless, inconvenient and burdensome. Our sole inquiry is confined to the character of the terminus as marked out in the record,—whether the Pencoyd Iron Works is such a public place as is contemplated by the Act of June 13, 1836, P. L. 551?

It is the settled rule of this state that a public road must begin and end in a public highway or a place of public resort: Miller's Road Case, 9 S. & R. 35; West Pikeland Road, 63 Pa. 471. A private road is by the 11th section of the act reasonably defined to be one with a public terminus as "a highway or place of necessary public resort, or to a private way leading to a highway," and with a private terminus "from the dwellings or plantations of the petitioners." A public road must have a public terminus at the beginning and ending points.

The fact in controversy has been three times decided by the
court of quarter sessions which had jurisdiction to lay out a
road as reported by the viewers or to vacate a part of a public
road and leave a terminus as fixed in this record.  "In what
shape or condition the part not vacated will remain after the
vacation of the other part is a question we cannot inquire into.
That is a matter solely for the judgment of the court of quarter
sessions from which there is no appeal.  We can conceive of
many reasons why a road may be vacated to a particular line,
and no further : " Stowell's Appeal, 1 W. N. C. 383.  A public
highway may terminate in a cul de sac : Elliot on Roads and
Streets, 1, and cases cited ; In re Melon Street, 1 Pa. Superior
Ct. 63, affirmed in 182 Pa. 397.  The "necessary resort" of the
statute may be taken to be a place of public resort where men
are in the habit of meeting on their lawful business or in pur-
suance of their proper duties.  This view has been held
throughout the commonwealth and is a very reasonable con-
struction of the term : Miller's Road, 9 S. &. R. 35 ; Kyle's
Road, 4 Yeates, 516 ; Neeld's Road, 1 Pa. 354 ; West Pikeland
Road, 63 Pa. 471 ; London Britain Road, 1 Chest. Co. Rep.
396 ; Lehman Township Road, 7 Kulp, 404 ; West Goshen
Roads, 7 Pa. C. C. Rep. 250 ; Road in Upper Hanover Town-
ship, 5 Mont. Co. R. 174 ; Road in Greenwich Township, 11 Pa.
186 ; Road in Susquehanna, 1 Pearson, 59 ; Loretto Road, 5
Casey, 350 ; Boyer's Road, 37 Pa. 257.

A point on a navigable river (Balliet v. Commonwealth,
17 Pa. 509) ; intersecting points on two public roads (Spring-
field Road, 73 Pa. 127) ; a church, a cemetery, a public school
(West Pikeland Road, 63 Pa. 471) ; a public place on the
boundary line of a state, a county and a borough (15 Am.
& Eng. Ency. of Law [2d ed.], 356 ; Trickett's Penna. Road
Law, 23), have been held to be sufficient termini to warrant the
confirmation of a public road,—to which we have no hesitation
in adding a large manufacturing establishment like the Pencoyd
Iron Works and a public station on a railroad.

The proceedings had in the court below are affirmed and
the appeal dismissed.