## In re Road in Ross Twonship

*Donald O. Coughlin,* for petitioners.

JONES, J., March 10, 1932.—The Supervisors of Ross Township presented a petition to the court to vacate a road laid out "from Bert Post's to Boyd Bonham's, part of which road, beginning at the property of Bert Post in the West District, and continuing to the property of Boyd Bonham, has become useless, inconvenient and burdensome."

Viewers were accordingly appointed, who filed their report finding certain facts and conclusions of law, and deciding: "Under the foregoing statement of facts and findings of law, we file a negative report. If we have erred, it is our thought that the report shall be referred back to us to make the necessary surveys and revision."

The petition recommended that the road, if vacated, be made a private road in accordance with the Act of April 17, 1929, P. L. 530, which provides, "that whenever viewers, appointed by the court of quarter sessions to view and vacate any public road . . . shall find and report that there is no necessity for such public road, but shall recommend in their report that the route thereof, or of any portion thereof, be and remain a private road, upon the approval of their said report and the confirmation thereof by the court and the vacation of said public road, the court shall have power to enter a decree that the route of such abandoned public road, or any portion thereof, so recommended for a private road, shall be and become a private road . . . for the use and benefit of the owners of lands through or along which it passes, to be maintained and used as private roads are now maintained and used under existing laws."

The description of the termini in this petition is very indefinite and vague as to distances and monuments of any kind, and the viewers' findings of fact, supplemented with a sketch map of what the petitioners required, disclose a public road extending from the "Sam Moss" Road to the "Nevil Hollow" Road, and petitioners desired to vacate about two miles of this cross-road, beginning at a point 790 feet from the intersection of the cross-road with the "Sam Moss" Road, near Bert Post's barn, and ending at a point 528 feet from the intersection of the cross-road with the "Nevil Hollow" Road, near the residence of Boyd Bonham, leaving one end of the cross-road open 790 feet as a public road for the accommodation of Bert Post, and the other end open 528 feet as a public road for the accommodation of Boyd Bonham.

It is conceded that the cross-road between those points is grown up with grass and brush and practically impassable, no work having been done thereon for a long period of time, and that the entire cross-road has become useless, inconvenient and burdensome, excepting at the points used by Bert Post and Boyd Bonham.

The question presented is whether a part of the cross-road can be vacated, leaving both ends thereof open for private purposes, but to be maintained by the public. Private roads are to be paid for by the petitioners and opened and kept in repair at their expense.

In Road from Matthew Miller's, 9 S. & R. 35, a road was wanted as a passage from the house of Matthew Miller to a public road, a distance of a few perches. Miller objected to making it a public road because of the inconvenience, in consequence of the right which it would give to every man to pass over his property, up to the very door of his dwelling house, and the court said: "It is difficult to conjecture on what principle a public road was granted;" further stipulating that "the people may be burdened to an unknown extent, if they can be made chargeable with roads laid out solely for the accommodation of private persons . . . [and] that a road from the plantation or dwelling house of the petitioner, to, or from, the public highway, or to any place of public resort, . . . is a *private* road, to be laid out, paid for, and kept in repair at the expense of the petitioners . . . and that there is no authority in any court of quarter sessions, to have it laid out as a *public* road."

If this were a petition to open a public road from the homes of these respective parties, it could not be sustained upon the ground of any public necessity. It has been held that a church or a cemetery may be a lawful terminus of a public road. A church is a place of public resort and, especially when a graveyard is attached to it, it may be very necessary for the accommodation of the neighborhood that the road to it should be a highway. It is not a requisite of a public road that all the inhabitants of the county will have occasion to use it. It is sufficient that many persons besides those owning the land where it terminates will find it useful and convenient. A church is open to all who desire to worship God and receive religious instruction at the regular and appointed sessions; it is not closed against anyone who behaves with propriety: West Pikeland Road, 63 Pa. 471.

A schoolhouse may also be a proper terminus for a public road: Road in Exeter Township, 10 Luzerne L. R. 146, 1 Kulp 363; but here we have a different proposition. The two segments of this public road are no longer necessary for the public convenience, but solely for access to the homes of these respective parties, who already have access, one on the "Sam Moss" Road, and the other on the "Nevil Hollow" Road, and what was said in the case of In re London Britain Road, 1 Chest. Co. R. 396, 13 Lanc. Bar 207, is applicable here. "The viewers laid out a new road between . . . [certain points] and vacated the old

756

road supplied thereby, except two portions thereof, one 'from the east end of and in front of the North Bank schoolhouse,' and the other 'from the west end of and in front of the residence of J. T. Burns,' . . . which parts of the old road, the viewers say, are 'necessary for the accommodation of the said public school property, and that of the said J. T. Burns.'" The court said: "The court would not sanction the laying out of a public road to or from the dwelling house of an individual, solely for his private accommodation; and neither will they so vacate a public road as to leave a part of it open for the same purpose. A public road, as a general rule, should have its termini in other public roads, or at places of public resort; and when a part thereof is vacated, the part not vacated should have such termini. . . . In the case before us, a portion of the road not vacated was left, solely that access might be had thereby to the dwelling of J. T. Burns, and the road there ends. This cannot be sanctioned."

That case was approved in a well-considered opinion in Frankstown Township Road, 12 D. & C. 660, and the Act of 1929, supra, did not give the viewers such right. The act is simply one of procedure, dispensing with a petition for the establishment of a private road when a public road is vacated, and authorizing the retention of the route of any vacated public road, or portion thereof, as a private road in one proceeding.

The exceptions are dismissed and the report of the viewers sustained and confirmed absolutely.

From Frank P. Slattery, Wilkes-Barre, Pa.