11 A.3d 902

**In re PRIVATE ROAD IN SPEERS BORO,
II, WASHINGTON COUNTY.**

**Appeal of Eddie McGavitt and Cheryl McGavitt.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 2010.

Decided Jan. 18, 2011.

Ronald M. Buick, McKeesport, for Eddie McGavitt and Cheryl McGavitt, his wife.

Jordan Marc Webster, Buchanan Ingersoll & Rooney, P.C., Pittsburgh, for Guttman Realty Company.

Donald Thomas Dulac Jr., Kenneth J. Witzel, Pittsburgh, Watkins Dulac & Roe, P.C., for Trumbull Corporation.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice EAKIN.

Appellants, Eddie and Cheryl McGavitt, purchased property in Speers Borough, Washington County in 2002. The property is zoned for heavy industrial use, and is bordered by a Norfolk Southern Railroad line to the west, property owned by an industrial development organization to the north, the Monongahela River to the east, and the property of appellee, Guttman Realty Company, to the south. There is no dispute that although appellants' property has full access to the river, its only land access is over appellee's property.

A public road, across appellee's property, provided access to appellants' property until the road was vacated in 1916. Since then, appellee had permitted prior owners to use the road. However, after appellants purchased the property, appellants and appellee were unable to agree on the road's use. Litigation ensued, and the trial court granted appellants a prescriptive easement. The Superior Court reversed, finding the prescriptive easement improperly included commercial and industrial use of the property. *McGavitt v. Guttman Realty*

*Company*, 909 A.2d 1, 5 (Pa.Super.2006). Appellants then brought an action to open a private road over appellee's property pursuant to the Private Road Act (Act).[1]

The trial court appointed a Board of View; the Board determined it was necessary for a private road to be opened over the existing road over appellee's property. Appellee filed exceptions in the trial court, alleging, in relevant part, the Board should have considered appellant's access to and from the Monongahela River. The trial court overruled appellee's exceptions, finding no case holding access to navigable water prevents property from being landlocked. Trial Court Opinion, 5/19/08, at 3.

■ An *en banc* Commonwealth Court vacated and remanded,[2] finding the Board should have considered evidence regarding river access. *In re: Private Road in Speers Boro, II, Washington County*, No. 1016 C.D. 2008, unpublished memorandum at 13–14 (Pa.Cmwlth. filed November 20, 2009).

1. The Act, enacted in 1836, provides:

 The several courts of quarter sessions shall, in open court as aforesaid, upon the petition of one or more persons, associations, partnerships, stock companies, or corporations, for a road from their respective lands or leaseholds to a highway or place of necessary public resort, or to any private way leading to a highway, or upon the petition of the chief executive officer of any executive or administrative department of the State Government for a road from any public highway across any lands of any person, association, or corporation to the boundary line of any lands owned, controlled, or administered by the Commonwealth, direct a view to be had of the place where such road is requested, and a report thereof to be made, in the same manner as is directed by the said act of thirteenth June, one thousand eight hundred and thirty-six.

 36 P.S. § 2731. Further,

 If it shall appear by the report of viewers to the court directing the view, that such road is necessary, the said court shall direct what breadth the road so reported shall be opened, and the proceedings in such cases shall be entered on record, as before directed, and thenceforth such road shall be deemed and taken to be a lawful private road.

 *Id.*, § 2732.

2. The Commonwealth Court panel hearing the case voted 3–2 to vacate and remand, and its decision was circulated to all commissioned judges, who were equally divided. The panel's opinion was thus filed as a memorandum decision pursuant to Commonwealth Court I.O.P. § 256(b).

The court further noted the Monongahela River has long been considered a public highway and "place of necessary resort,"[3] and other jurisdictions have considered water access in determining whether necessity exists. *Id.,* at 12–13 (citing *Balliet v. Commonwealth,* 17 Pa. 509, 514 (1851); *In re Daniel,* 656 N.W.2d 543, 546 (Minn.2003) (holding access to property by navigable lake was *per se* bar to finding of necessity)). Thus, the court concluded, "a proper analysis of 'strictest necessity' for a grant of a petition under the Private Road Act requires consideration of the present access by river and the use being made of it where such evidence is available." *Id.,* at 13. The court vacated the trial court's order and remanded to the Board for a new determination which expressly included river access. *Id.,* at 13–14.

Judge Pellegrini filed a dissenting opinion, observing the Commonwealth Court had concluded the Act "was part of a plan for an integrated system of road construction throughout the Commonwealth." *Id.,* at 2 (Pellegrini, J., dissenting) (quoting *In re Opening a Private Road ex rel. Timothy P. O'Reilly,* 954 A.2d 57, 66–68 (Pa.Cmwlth.2008) (*en banc*) ("*O'Reilly* "), *rev'd* 5 A.3d 246 (Pa.2010)).[4] Because the Act focused on roads, he found consideration of water access to be irrelevant. President Judge Leadbetter also dissented, but without opinion.

 Our grant of allocatur included the following issues: 1. Whether or not a Board of View appointed pursuant to the [Act], 36 P.S. § 2731 *et seq.,* must consider water access to determine whether or not a Private Road is necessary?

---

3. A "place of necessary resort" "may be taken to be a place of public resort where men are in the habit of meeting on their lawful business or in pursuance of their proper duties." *In re Schuylkill River Road,* 19 Pa.Super. 376, 378 (1902). Pennsylvania courts have held the following are public places of necessary resort: a point on a navigable river; intersections of two public roads; church; cemetery; public school; a public place on a state, county, or municipal boundary; or a manufacturing facility with a public railroad station. *Id.* (citations omitted).

4. Judge Pellegrini and appellants cite the Commonwealth Court's decision in *O'Reilly,* which we have since reversed. However, because the issue there is distinct from this matter, and our decision of this matter does not depend on *O'Reilly,* we will not consider it further.

2. Whether or not under the aforesaid [Act] water access equates to land access?

*In re: Private Road in Speers Boro,* 994 A.2d 1095, 1095 (Pa.2010) *(per curiam).*[5] In reviewing a Board of View's decision, "[a]ppellate review is limited to ascertaining the validity of the Board's jurisdiction, the regularity of proceedings, questions of law[,] and whether the Board abused its discretion." *In re Packard,* 926 A.2d 557, 559 n. 2 (Pa. Cmwlth.2007) (quoting *In re Private Road, Cogan Township, Lycoming County,* 684 A.2d 237, 239 (Pa.Cmwlth.1996)). Whether the Act requires a Board of View to consider water access is a matter of statutory interpretation, and "[b]ecause statutory interpretation is a question of law, our standard of review is *de novo,* and our scope of review is plenary." *Snead v. Society for the Prevention of Cruelty to Animals of Pennsylvania,* 604 Pa. 166, 985 A.2d 909, 912 (2009) (citing *In re Milton Hershey School,* 590 Pa. 35, 911 A.2d 1258, 1261 (2006)). In matters of statutory interpretation, the General Assembly's intent is paramount. 1 Pa.C.S. § 1921(a).

Appellants argue the Act pertains only to roads, not water access. Appellants further note the Act is intended to provide access to " 'landlocked property . . . by motorized vehicles,' " not by boat or barge. Appellant's Brief, at 15 (quoting *In re Forrester,* 575 Pa. 365, 836 A.2d 102, 105 (2003) (plurality)). Appellants claim water access cannot equate to land access because the Monongahela River is not suitable for accessing their land.

Appellee argues all existing access to appellants' property, including water access, should be considered in determining whether a private road is strictly necessary. Appellee ob-

5. We also granted allocatur on "[w]hether or not the Commonwealth Court exercised the proper standard and/or scope of review?" *Id.* However, appellants offer no argument on this issue at all, and do not so much as mention it in their brief. Hopefully this was just an oversight, though failing to address an issue on which one has asked for and received review by this Court is hardly a "mere" oversight—it aborts our opportunity to speak to an issue we deemed important enough for review. Regardless, they have waived the issue. *See Commonwealth v. Walter,* 600 Pa. 392, 966 A.2d 560, 566 (2009) (failure to sufficiently discuss issue results in waiver).

serves there is a strong presumption against taking property for private use. Appellee suggests other jurisdictions require consideration of water access in their comparable statutes. Appellee also claims water access need not be equal to land access, only that the Board should consider water access in addition to land access.

■■■ A private road may be opened if the Board of View finds "such [a] road is necessary." 36 P.S. § 2732. "[T]he Act is in the nature of eminent domain and, therefore, must be strictly construed. . . . 'The word necessity, the key to this entire Act must likewise be given a strict interpretation.' As such, our courts from early in the history of the Act have construed it as requiring the 'strictest necessity.'" *Graff v. Scanlan*, 673 A.2d 1028, 1031 (Pa.Cmwlth.1996) (quoting *Application of Little*, 180 Pa.Super. 555, 119 A.2d 587, 589 (1956)). Accordingly, the *per se* bar on the consideration of water access suggested by appellants would vitiate the statutory requirement that a private road be necessary.

■■■ The key is necessity. Under appellants' proposed rule, a property owner who could satisfactorily access his property by water could still obtain a private road because the Board of View was not allowed to consider his water access. It is true the Act mentions only roads, but roads are the relief sought, not the only consideration when finding whether relief is necessary. The Act's plain language requires a Board of View to decide whether a private road is necessary, but does not restrict the factors which may go into the determination. Limiting the considerations the Board may deem relevant is illogical and does not serve the aims of the law. Particularly given the venerable principle that taking property for private use is not favored, we find no reason to so limit the Board.

■■■ Appellants point out that water access does not equate to land access, which is true. We do not establish a *per se* prohibition on establishing a private road when a property is accessible by navigable waterway, nor do we consider a navigable waterway to be the same as a road. The parties may offer evidence to the Board of View showing why

water access is or is not a sufficient means of access to the property; the bottom line remains a finding of necessity. We only hold the Act requires a Board of View, in its analysis in determining whether a private road is necessary, to consider other available means of access to the property, including water.

The order of the Commonwealth Court is affirmed.

Jurisdiction relinquished.

Chief Justice CASTILLE, Justices SAYLOR, BAER, TODD, McCAFFERY and ORIE MELVIN join the opinion.