# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Michael J. Groner,<br>                Appellant | : |
| | : |
| | : |
| v. | :   No. 1628 C.D. 2012 |
| | :   Argued: November 13, 2013 |
| David E. Kasmoch and Edna Mae | : |
| Kasmoch, Ronald E. Downs, Lois | : |
| E. Downs a/k/a Lois E. Rapman and | : |
| Chad E. Downs | : |
| | : |
| v. | : |
| | : |
| Independent Mountain Men of | : |
| Pennsylvania, Inc., and Ross J. | : |
| Giacchino, Mark Giacchino, Blaise | : |
| A. Giacchino, and Michael Giacchino | : |

**OPINION**
**PER CURIAM**                    **FILED: August 27, 2014**

This is one of three cases[1] argued together before this court, sitting en banc, all of which involve constitutional challenges to the law commonly known as the Private Road Act.[2] Michael J. Groner appeals from an order of the Butler County Court of Common Pleas which sustained exceptions to a board of view report and denied Groner's petition for a private road. The trial court found that his private road would constitute an unconstitutional taking of property for private benefit under our Supreme Court's decision in *In re Opening a Private Road*

---

[1] *See also In re Opening a Private Road (O'Reilly)*, No. 520 C.D. 2013 [*O'Reilly IV*] and *Raap v. Waltz*, No. 975 C.D. 2012. *O'Reilly* has been designated as the lead opinion.

[2] Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §§ 2731-2891.

*(O'Reilly)*, 5 A.3d 246 (Pa. 2010) [*O'Reilly II*]. The issue disputed here is whether the public is automatically the primary and paramount beneficiary of a private road simply because the landlocked condition was originally caused by construction of a public project, no matter how remote in time and otherwise unconnected that public project was from both the seeking of the private road and the private owner's acquisition of the landlocked property. Because the trial court faithfully applied our Supreme Court's decision in *O'Reilly II*, we affirm.

The property for which Groner seeks a private road, Venango Tax Parcel No. 27-06-35, consists of 20 acres of land, approximately one-third in Venango County and two-thirds in Butler County. The northern border of the property fronts on a public road, and there is a house on the northern, Venango County, portion of the property. In or about 1970, the Commonwealth constructed Interstate 80 across the Butler County portion of the property, rendering the southern half of the property landlocked. The southern, landlocked portion of the property is unimproved woodland.

In 1993, Groner purchased his property for $36,000. Groner's primary intended use of the property was as a dwelling in the northern, portion of the property with public road access. At the time Groner purchased his property, the southern half had been landlocked by Interstate 80 for over 20 years.

Appellees David E. and Edna Mae Kasmoch own the land that borders the west side of Groner's property. The Kasmoch property is almost entirely woodland. The Kasmochs purchased their property in 1994 and use it as a deer hunting preserve. Appellee Independent Mountain Men of Pennsylvania, Inc. (IMM) is the owner of the land that borders the east and south sides of the landlocked portion of Groner's property. IMM acquired its properties between

2

1985 and 1993 and uses them for events showing how the mountain men of the early 1800s lived.

On March 20, 2009, Groner filed a petition in the Court of Common Pleas of Venango County seeking a private road across the Kasmoch property and property owned by Ronald E. Downs, Lois E. Downs, a/k/a Lois E. Rapman and Chad E. Downs. Because the southern, landlocked portion of the property is entirely in Butler County, and the other affected properties were also in Butler County, the case was transferred by agreement to the Butler County Court of Common Pleas. Thereafter, the Kasmochs joined IMM and Ross, Mark, Blaise and Michael Giacchino as additional respondents, asserting that Groner's access should instead be across properties owned by IMM and the Giacchinos.[3]

A board of view conducted a site view of the properties at issue and held a hearing concerning the proposed private road. At the board of view hearing, Groner testified that his purpose for the private road is to harvest timber on the southern, landlocked portion of his property. Groner testified that prior to 2008, he asked the Kasmochs for permission to cross the Kasmoch property to remove timber from the southern landlocked portion of his property on only two occasions, in approximately 2000 and 2005, and that on those two occasions they gave him permission. No testimony or other evidence was introduced that Groner ever sought continuous access to the landlocked portion of his property at any time prior to 2008. There was also no evidence that the Kasmochs had ever granted Groner continuous permissive access or that there was a revocation of prior access by the Kasmochs.

---

[3] The Downs and Giacchinos did not participate in either the hearings below or this appeal.

The board of view issued a report finding that the private road should traverse the Kasmoch property. The Kasmochs filed exceptions to the report contesting the location of the private road. Subsequently, the Kasmochs filed supplemental exceptions to the report of the board of view, asserting that the private road was an unconstitutional taking of private property for a private purpose under our Supreme Court's September 30, 2010 decision in *O'Reilly II*. The trial court remanded the case to the board of view to develop a record on the issue of whether the public was the primary and paramount beneficiary of the private road sought by Groner.

On June 13, 2011, the board of view held a hearing at which the parties had the opportunity to present additional evidence on the issue encompassed by the remand order. Groner presented no additional evidence at that hearing and represented that he had no evidence as to what occurred in the Interstate 80 condemnation. Groner admitted that "it is impossible to determine whether the use of the Private Road Act to restore access to the property was contemplated at the time the Commonwealth removed it." In addition, Groner did not introduce any evidence that the ability to open the landlocked portion of his property was considered by him in his purchase of the property or affected the price that he paid when he purchased the property.

Following the remand hearing, the board of view issued a second report finding that the construction of Interstate 80 in 1970, over 20 years before Groner bought the property and over 35 years before the private road was sought, supplied the proposed private road with sufficient public benefit for the taking to be constitutional under *O'Reilly II*, and reaffirmed the findings of its first report. The Kasmochs filed exceptions to the Second Board of View Report, asserting that

the Private Road Act was unconstitutional and that Groner could not prevail in his private road action because it was not sufficiently connected to the construction of Interstate 80 to establish that the private road served a public purpose. The trial court ruled that Groner's private road was an unconstitutional taking of property under *O'Reilly II*, rejecting the Second Report of the Board of View, and denying Groner's petition for a private road. Groner filed the instant appeal.[4]

As noted in the companion case of *Raap v. Waltz*, No. 975 C.D. 2012, our Supreme Court's decision in *O'Reilly II* is discussed in detail in our lead opinion, *In re Opening a Private Road (O'Reilly)*, 520 C.D. 2013 [*O'Reilly IV*], and will not be repeated here. Suffice it to say that the Court in *O'Reilly II* did not hold the Act *per se* unconstitutional but did hold that use of the Act was constitutionally limited to situations in which the public was the *primary and paramount* beneficiary of its use, and here common pleas found that Groner failed to meet this burden. We discern no error in the trial court's analysis.

The only basis upon which Groner asserts that his private road satisfies the requirement of a paramount public benefit is the fact that the landlocked condition was caused by the construction of Interstate 80. The Supreme Court in *O'Reilly II* recognized that such a circumstance may provide the basis upon which to attribute a primary and paramount public benefit to the private road, but only where the surrounding circumstances demonstrate "that the two takings reasonably might be regarded as an interconnected course of events." 5 A.3d at 258. In this regard, the Court cited as potentially relevant details, "whether Appellee's use of the [Act] to restore access to the property was contemplated at the time the Commonwealth removed it, and whether Appellee acted with

---

[4] Because this appeal presents solely a question of law, our review is plenary.

reasonable promptitude..." *Id.* Here, Groner offered no evidence of such details (nor any other indications of "interconnectedness") and, indeed, the undisputed facts suggest the contrary. The Interstate 80 condemnation is extremely remote in time from all relevant events and parties here. That public project was not only more than 35 years before any private road was sought, it was constructed more than 20 years before Groner even purchased his property. There was, in addition, no evidence concerning the condemnation, how the loss of road access was treated in the condemnation or the intentions of the original parties.

Groner argues that his proposed taking is nonetheless constitutional under § 204(b)(9) of the Eminent Domain Code, 26 Pa. C.S. § 204(b)(9). We do not agree. That section provides that Pennsylvania's statutory prohibition against use of eminent domain "for private enterprise" does not apply where "[t]he property is used or to be used for any road, street, highway, trafficway or for property to be acquired to provide access to a public thoroughfare for a property which would be otherwise inaccessible as the result of the use of eminent domain or for ingress, egress or parking of motor vehicles." 26 Pa. C.S. § 204(a), (b)(9). The same argument that Groner asserts was made to this Court on remand from the Supreme Court in *O'Reilly II*, and this Court, sitting *en banc,* specifically rejected Groner's argument. *In re Opening a Private Road (O'Reilly)*, 22 A.3d 291, 296-97 (Pa. Cmwlth. 2011) [*O'Reilly III*]. We noted that while § 204(b)(9) shows sufficient public purpose necessary to satisfy the federal constitutional standard established in *Kelo v. City of New London*, 545 U.S. 469 (2005), it "does nothing

to show compliance with the more stringent standard" of *primary and paramount* public benefit. 22 A.3d at 296.[5]

Because the trial court correctly applied the standards set forth by our Supreme Court in *O'Reilly II*, we affirm.

---

[5] Groner is correct that in *Raap v. Waltz*, a panel of this Court accepted his argument that the public was the primary and paramount beneficiary of a private road where a public highway caused the landlocking, particularly in light of § 204(b)(9), even though the persons seeking the private road did not own the property at the time of the condemnation and did not file an action for a private road until long after they bought the property. However, the panel opinion was withdrawn and the case was re-argued contemporaneously with this appeal.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Groner,                                          :
                      Appellant                :
                                :
                v.                          :    No. 1628 C.D. 2012
                                :
David E. Kasmoch and Edna Mae                  :
Kasmoch, Ronald E. Downs, Lois                    :
E. Downs a/k/a Lois E. Rapman and              :
Chad E. Downs                                                  :
                                :
                v.                          :
                                :
Independent Mountain Men of                        :
Pennsylvania, Inc., and Ross J.                       :
Giacchino, Mark Giacchino, Blaise               :
A. Giacchino, and Michael Giacchino           :

## PER CURIAM               O R D E R

        AND NOW, this 27th day of August, 2014, the order of the Court of Common Pleas of Butler County in the above-captioned case is AFFIRMED.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Groner,                :
             Appellant     :
                            :
           v.            :   No. 1628 C.D. 2012
                            :   Argued: November 13, 2013

David E. Kasmoch and Edna Mae   :
Kasmoch, Ronald E. Downs, Lois    :
E. Downs a/k/a Lois E. Rapman and   :
Chad E. Downs                :
                            :
           v.            :
                            :
Independent Mountain Men of     :
Pennsylvania, Inc., and Ross J.      :
Giacchino, Mark Giacchino, Blaise   :
A. Giacchino, and Michael Giacchino   :

**BEFORE:**    **HONORABLE DAN PELLEGRINI,** President Judge
                    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                    **HONORABLE ROBERT SIMPSON,** Judge
                    **HONORABLE MARY HANNAH LEAVITT,** Judge
                    **HONORABLE P. KEVIN BROBSON,** Judge
                    **HONORABLE ANNE E. COVEY,** Judge

**CONCURRING OPINION**
**BY JUDGE LEADBETTER**           **FILED: August 27, 2014**

      For the reasons stated in my concurring opinion in *In re Opening a Private Road (O'Reilly)*, No. 520 C.D. 2013, I concur only in the result reached by the court on this appeal.

                    _____
                    **BONNIE BRIGANCE LEADBETTER,**
                    Judge

President Judge Pellegrini and Judges Simpson, Leavitt, Brobson, and Covey join in this Concurring Opinion.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Groner,                          :
                          Appellant          :
                                             :
            v.                               :
                                             :
David E. Kasmoch and Edna Mae                :
Kasmoch, Ronald E. Downs, Lois               :
E. Downs a/k/a Lois E. Rapman and            :
Chad E. Downs                                :
                                             :
            v.                               :      No. 1628 C.D. 2012
                                             :
Independent Mountain Men of                  :      Argued: November 13, 2013
Pennsylvania, Inc., and Ross J.              :
Giacchino, Mark Giacchino, Blaise            :
A. Giacchino, and Michael Giacchino          :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge

**CONCURRING OPINION**
**BY JUDGE COHN JUBELIRER**                 **FILED:  August 27, 2014**


       For the reasons stated in my concurring opinion in In Re: Opening a Private

Road (O'Reilly), __ A.3d __ (Pa. Cmwlth., No. 520 C.D. 2013, filed August 27,

2014), I concur only with the result reached in this appeal.


                                   _____
                                   **RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael J. Groner,  :
                Appellant  :
                                        :
          v.  :
                                          :
David E. Kasmoch and Edna Mae  :
Kasmoch, Ronald E. Downs, Lois  :
E. Downs a/k/a Lois E. Rapman and  :
Chad E. Downs  :
                                        :
          v.  :  No. 1628 C.D. 2012
                                        :  Argued:  November 13, 2013
Independent Mountain Men of  :
Pennsylvania, Inc., and Ross J.  :
Giacchino, Mark Giacchino, Blaise  :
A. Giacchino, and Michael Giacchino :


BEFORE:  HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge

**CONCURRING OPINION**
**BY JUDGE BROBSON**              **FILED:  August 27, 2014**

      For the reasons stated in my concurring opinion in *In re Opening a Private Road (O'Reilly)*, No. 520 C.D. 2013, I concur only in the result reached by the court on this appeal.

                                      _____

                                      P. KEVIN BROBSON, Judge

President Judge Pellegrini and Judge Leadbetter join in this concurring opinion.