# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Tax Parcel 27-309-216  :
           :
Scott and Sandra Raap,    :
      Appellants :
           :
   v.       : No. 975 C.D. 2012
           : Argued:  November 13, 2013
Stephen and Kathy Waltz   :

**OPINION**
**PER CURIAM**         **FILED:  August 27, 2014**

    This is the second of three cases[1] argued together before this court, sitting en banc, all of which involve essentially the same constitutional issue. Scott and Sandra Raap appeal an order of the Court of Common Pleas of Lycoming County granting summary judgment in favor of Stephen and Kathy Waltz in the Raaps' action seeking appointment of a board of viewers pursuant to the law commonly known as the Private Road Act.[2]  In doing so, the trial court held that the Raaps could not open a private roadway across the Waltzes' land to access their landlocked property. It agreed with the Waltzes' argument that their use of the Act would be unconstitutional because the Raaps, and not the general public, would be its primary beneficiaries.

    The facts are essentially undisputed. In 1992, the Department of Transportation condemned a portion of a tract of land owned by Terry and Sharon Berfield as part of a project to relocate part of Route 15 in Lycoming County.  As a

---

[1] *See also In re Opening a Private Road (O'Reilly)*, No. 520 C.D. 2013 [*O'Reilly IV*] and *Groner v. Kasmoch*, No. 1628 C.D. 2012. *O'Reilly* has been designated as the lead opinion.

[2] Act of June 13, 1836, P.L. 551, *as amended,* 36 P.S. §§ 2731-2891.

result of the condemnation, part of the Berfields' tract became landlocked. In November 1995, the Raaps purchased approximately 51 acres of land from the Berfields, 14 acres of which had been landlocked by the 1992 condemnation. The Raaps' landlocked property can be accessed only by crossing the Waltzes' adjacent property.

On June 15, 2011, the Raaps filed a civil action under the Private Road Act requesting the appointment of a board of viewers to open a private road across the Waltzes' property to connect the Raaps' parcel to the nearest public road. The Waltzes filed an answer with new matter seeking dismissal of the complaint. In depositions, the Raaps admitted that the access they sought across the Waltzes' land was for their use, as opposed to a particular public use, such as construction of a school. Thereafter, the Waltzes filed a motion for summary judgment.

After hearing oral arguments, the trial court granted summary judgment in favor of the Waltzes. In doing so, the trial court relied upon the Pennsylvania Supreme Court's holding in *In re Opening a Private Road (O'Reilly)*, 5 A.3d 246 (Pa. 2010) [*O'Reilly II*], that a Private Road Act proceeding could pass constitutional muster only where the public is the primary and paramount beneficiary. The trial court concluded that the Raaps were not entitled to relief under the Act because the roadway they sought would benefit them, not the public. The trial court also rejected the Raaps' argument that Section 204 of the Eminent Domain Code, 26 Pa. C.S. § 204, established a public purpose because the Code does not apply directly to a Private Road Act matter and because the Raaps purchased their property after the Commonwealth's exercise of eminent domain caused the property to become landlocked. In this regard, the trial court

2

stated "Plaintiffs purchased a landlocked parcel and presumably paid a price which reflected its situation and thus the prior condemnation cannot be seen as having effected a taking from them, the remedying of which is surely the purpose behind the amendment." (Opinion, April 23, 2012, at p.2) The present appeal followed.[3]

On appeal,[4] the Raaps again contend that because the public benefitted from the Commonwealth's exercise of eminent domain that caused their property to become landlocked in the first place, the public is also the primary and paramount beneficiary of the private road that will unlock their property; that the 2006 amendments to the Eminent Domain Code establish the necessary public purpose underlying their use of the Act; and, finally, that our Supreme Court in *O'Reilly II* did not hold the Act *per se* unconstitutional and, indeed, later upheld use of the Act in *In re Private Road in Speers Boro,* 11 A.3d 902 (Pa. 2011).

The history of the O'Reilly litigation, and our Supreme Court's decision in *O'Reilly II* are discussed at length in our lead opinion, *In re Opening a Private Road (O'Reilly)*, 520 C.D. 2013 [*O'Reilly IV*], and will not be repeated here. We agree with the Raaps that the Court in *O'Reilly II* did not hold the Act *per se* unconstitutional. However, it did hold that use of the Act was constitutionally limited to situations in which the public was the primary and paramount beneficiary of its use, and here common pleas found that the Raaps failed to meet

---

[3] On March 15, 2013, a three judge panel of this court reversed, but that opinion and order was withdrawn on May 21, 2013.

[4] Our review of the trial court's grant of summary judgment is plenary in nature, as it involves solely a question of law. Summary judgment is appropriate only if "there is no genuine issue of any material fact as to a necessary element of the cause of action." PA. R.C.P. No. 1035.2(1). Therefore, judgment may be entered only when, after examining the record in the light most favorable to the non-moving party and resolving all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law.

this burden. We also agree that the public was the undeniable beneficiary of the condemnation for the Route 15 relocation, but the evidence of connection between the condemnation and use of the Act, at least as to the factors cited as relevant by our Supreme Court, was less than compelling. As noted above, the Raaps purchased the property in 1995, and in 2011 filed their action to obtain a private road across the Waltz land. The Raaps assert, and are not contradicted by the Waltzes, that condemnee, Raaps' predecessor in title, testified that he intended "some day to try to get right of way from the Waltz's [sic]." [brief at p. 4]. However, he never took any action in that regard, and there is no evidence that the Commonwealth contemplated any such remedy or, more to the point, that any such contemplation by the parties affected the compensation paid for the taking. The Raaps' suggestion that it should be *presumed* that the Department of Transportation expected the Act to be used is simply inviting acceptance of speculation in the place of evidence. Moreover, the Raaps' delay of six years between their purchase of the property and filing this action hardly amounts to "reasonable promptitude."

Nonetheless, the Raaps argue that public purpose should be found in Section 204 of the Eminent Domain Code, 26 Pa. C.S. § 204,[5] which was enacted

---

[5] Section 204 of the Eminent Domain Code states, in pertinent part:

(a)    Prohibition.--Except as set forth in subsection (b), the exercise by any condemnor of the power of eminent domain to take private property in order to use it for private enterprise is prohibited.

(b)    Exception.--Subsection (a) does not apply if any of the following apply:

* * *

(9)    The property is used or to be used for any road, street, highway, trafficway or for property to be acquired to provide access to a public thoroughfare for a property which would

**(Footnote continued on the next page . . .)**

as part of the 2006 amendments to the Code. That provision generally prohibits a condemnor from taking private property for use by a private enterprise. However, and critical to the Raaps' argument, an exception to this prohibition allows for the taking of property by eminent domain if doing so will provide access to a public thoroughfare for a property that has been landlocked as a result of the use of eminent domain. 26 Pa C.S. § 204(b)(9). While, as the Raaps note, the O'Reilly action was filed before these amendments, the argument that this provision establishes the General Assembly's view that access to landlocked property is a public benefit was made to the Supreme Court in *O'Reilly II*. Although mentioned as an argument, *see* 5 A.3d at 255-56, it is not otherwise discussed, but obviously was not found persuasive by a majority of the Court. Furthermore, this court in *In re Opening a Private Road (O'Reilly)*, 22 A.3d 291, 296 (Pa. Cmwlth. 2011) [*O'Reilly III*] specifically rejected the argument, noting that while Section 204(b)(9) shows sufficient public purpose necessary to satisfy the federal constitutional standard established in *Kelo v. City of New London*, 545 U.S. 469 (2005), it did not establish compliance with the more stringent "primary and paramount" standard. *See O'Reilly III*.

Finally, the Raaps note that subsequent to its remand decision in *O'Reilly*, the Supreme Court has upheld the use of the Private Road Act for opening landlocked private property. *In re Private Road in Speers Boro, II, Washington County*, 11 A.3d 902 (Pa. 2011). There, property zoned for heavy industrial use was landlocked to the north, south, and west by other land and to the

---

**(continued . . .)**

be otherwise inaccessible as the result of the use of eminent domain or for ingress, egress or parking of motor vehicles.

26 Pa. C.S. § 204.

5

east by the Monongahela River. The trial court appointed a board of viewers, which determined that opening a private road was necessary. An *en banc* panel of this Court vacated and remanded, holding that the board of viewers should have considered evidence regarding river access to the property. Our Supreme Court affirmed this Court's decision, holding that the Private Road Act requires the board of viewers to consider all available means of access, including water. *Id*. at 906. The question of public versus private purpose was not in issue, and was not mentioned in either the grant of allocator or the body of the Court's opinion. In a footnote, the Court stated that, "because the issue [in *O'Reilly*] is distinct from this matter, and our decision of this matter does not depend on *O'Reilly,* we will not consider it further." *Id*. at 905 n.4. Accordingly, we cannot infer from the decision in *Speers Boro* any retreat from the principles announced in *O'Reilly II,* which the trial court faithfully applied.

Accordingly, we must affirm.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Tax Parcel 27-309-216     :
                                        :

Scott and Sandra Raap,            :
                Appellants      :
                                          :

                    v.                  :     No. 975 C.D. 2012
                                          :

Stephen and Kathy Waltz      :

**PER CURIAM**                      **O R D E R**

       AND NOW, this 27th day of August, 2014, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is hereby AFFIRMED.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Tax Parcel 27-309-216    :
    :
Scott and Sandra Raap,    :
               Appellants   :
    :
        v.         :  No. 975 C.D. 2012
    :  Argued:  November 13, 2013
Stephen and Kathy Waltz    :

BEFORE:    **HONORABLE DAN PELLEGRINI,** President Judge
              **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
              **HONORABLE RENÉE COHN JUBELIRER,** Judge
              **HONORABLE ROBERT SIMPSON,** Judge
              **HONORABLE MARY HANNAH LEAVITT,** Judge
              **HONORABLE P. KEVIN BROBSON,** Judge
              **HONORABLE ANNE E. COVEY,** Judge

**CONCURRING OPINION**
**BY JUDGE LEADBETTER**            **FILED:  August 27, 2014**

      For the reasons stated in my concurring opinion in *In re Opening a Private Road (O'Reilly)*, No. 520 C.D. 2013, I concur only in the result reached by the court on this appeal.

                                    _____
                                    **BONNIE BRIGANCE LEADBETTER,**
                                    Judge

President Judge Pellegrini and Judges Simpson, Leavitt, Brobson, and Covey join in this Concurring Opinion.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Tax Parcel 27-309-216   :
           :
Scott and Sandra Raap,     :
     Appellants   :
           :
    v.       : No. 975 C.D. 2012
           :
Stephen and Kathy Waltz   : Argued: November 13, 2013

BEFORE:  HONORABLE DAN PELLEGRINI, President Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
      HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE ROBERT SIMPSON, Judge
      HONORABLE MARY HANNAH LEAVITT, Judge
      HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE ANNE E. COVEY, Judge

**CONCURRING OPINION**
**BY JUDGE COHN JUBELIRER**     **FILED:  August 27, 2014**

   For the reasons stated in my concurring opinion in <u>In Re: Opening a Private Road (O'Reilly)</u>, __ A.3d __ (Pa. Cmwlth., No. 520 C.D. 2013, filed August 27, 2014), I concur only with the result reached in this appeal.

              _____
              **RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Tax Parcel 27-309-216    :
                                       :

Scott and Sandra Raap,          :
                 Appellants  :
                                       :

              v.                  :  No. 975 C.D. 2012
                                      :  Argued:  November 13, 2013

Stephen and Kathy Waltz    :

BEFORE:  HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge

**CONCURRING OPINION**
**BY JUDGE BROBSON**          **FILED:  August 27, 2014**

For the reasons stated in my concurring opinion in *In re Opening a Private Road (O'Reilly)*, No. 520 C.D. 2013, I concur only in the result reached by the court on this appeal.

                                          _____

                                          P. KEVIN BROBSON, Judge

President Judge Pellegrini and Judges Leadbetter and Leavitt join in this concurring opinion.