**Scott A. HUNT and Vicki E. Hunt, husband and wife and Sandra R. Glick, Appellants**

v.

**The ZONING HEARING BOARD OF CONEWAGO TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 10, 2012.

Decided Feb. 1, 2013.

**382**

Brian C. Linsenbach, Dillsburg, for appellants.

Devon M. Myers, York, for appellee Conewago Township.

BEFORE: PELLEGRINI, President Judge, and LEADBETTER, Judge (P.), and BROBSON, Judge.

OPINION BY Judge LEADBETTER.

Applicants Scott A. Hunt and Vicki E. Hunt, husband and wife, and Sandra R. Glick appeal from an order of the Court of Common Pleas of York County (common pleas), which affirmed the decision of the Conewago Township Zoning Hearing Board (ZHB) 1) to uphold the zoning officer's interpretation of the Conewago Zoning Ordinance that all lots in the conservation (Cv) zone must abut to a public roadway; and 2) to deny requested variances for their three parcels, which the Township deems landlocked. We reverse.[1]

Created prior to the ordinance (since the late 1800s), the three parcels at issue are in Conewago Township's Cv zone.[2] The Hunts own one of the parcels and Glick owns the remaining two. The Hunts seek to construct a single-family dwelling, a use by right in the Cv zone.[3] Glick indicated that her use would also fall under a use by right in that zone. The zoning officer ruled that the lots could not be used as proposed because they neither have frontage on a public road in accordance with the definition of "lot" found in Section 201 of the ordinance nor access to or abutment to a public roadway as required by Section 309(i) of the ordinance's Cv zone provision. Thereafter, Applicants submitted an application to the ZHB for 1) interpretation of the ordinance, specifically contending that it must be construed to permit development on lots without public road frontage; 2) a request for a variance from Section 309(i) of the ordinance[4] and, in the alternative, 3) a request for a validity variance.

1. Appellee ZHB chose not to file a brief.

2. Section 309(a) of the ordinance describes the purpose of the Cv zone:
 The purpose of this zone is to designate those areas where, because of natural geographic factors and existing land uses it is considered feasible and desirable to conserve open spaces, water supply sources, woodland areas, wildlife and other natural resources. This zone may include extensive steeply sloped areas, stream valleys, flood plains, water supply sources and wooded areas adjacent thereto.

3. There are eleven uses by right in the Cv zone: 1) crops, pasture; 2) dairy, commercial, livestock, poultry, small animals; 3) farm buildings; 4) forest and wildlife preserve; 5) forestry; 6) greenhouse, agricultural nursery; 7) group home; 8) municipal buildings, facilities, or uses; 9) no impact home-based businesses; 10) single-family detached dwellings on an approved lot in a minor residential land development (six or fewer existing or proposed dwelling units excluding the prime farmstead), or on an individual lot consistent with the February 6, 1984 lot dimensions; and 11) stable. Section 309(b)(1)-(11) of the ordinance.

4. Section 309(i) of the ordinance, found in the Cv zone provision, provides that "each lot shall have access to and abut to a public roadway."

A hearing before the ZHB followed at which Applicant Hunt and his surveyor testified.

Contesting the Township's insistence that the parcels are landlocked, Applicants presented a recorded April 2010 right-of-way and maintenance agreement among all three of them and Harold King, Jr. October 11, 2011 ZHB Hearing, Applicant Exhibit No. 2; Reproduced Record ("R.R.") at 77a–91a. Pursuant to that agreement, King granted Applicants a fifty-foot wide right-of-way (with seventy-five foot widths at each of its corners) to Bull Road, a public road. In addition, Applicants presented a state highway occupancy permit granting them permission to install a minimum use driveway onto Bull Road. *Id.,* Applicant Exhibit No. 3; R.R. at 93a–113a. Applicant Hunt testified that the driveway was operational, incorporating several photographs into his testimony. *Id.,* Notes of Testimony ("N.T.") at 16–17: R.R. at 28a–29a and Applicant Exhibit No. 4; R.R. at 115a–117a. This evidence of road access was not challenged or contradicted.

In an October 2011 decision, the ZHB upheld the zoning officer's interpretation that the ordinance requires that all lots in the Cv zone abut to a public roadway, noting that the language is clear on its face. In addition, the ZHB found that Applicants failed to meet their burden of demonstrating each and every element necessary for the grant of a variance under Section 503(c) of the ordinance, which essentially mirrors Section 910.2(a) of the Pennsylvania Municipalities Planning Code (MPC).[5] In particular, the ZHB found that Applicants failed to establish that their land suffered from a physical hard-

ship unique to their parcels as opposed to a difficulty imposed by the ordinance on other similar parcels without road frontage. It noted that other owners of similar parcels were required to buy strips of land in fee in order to comply with the ordinance. The ZHB in its decision refers to the parcels as "landlocked," apparently using the term erroneously to mean a property that does not abut a public road without regard to access through other means such as an easement.[6] Here, however, there is no question that Applicants have legal access to a public road via the right-of-way and maintenance agreement recorded with the York County Recorder of Deeds, and thus the parcels are not truly landlocked. October 11, 2011 ZHB Hearing, Applicant Exhibit No. 2; R.R. at 91a. Finally, the ZHB rejected Applicants' alternative request for a validity variance, reiterating its conclusion that other properties in the neighborhood were "landlocked" and that the ordinance permits uses on such lots that do not require buildings. Common pleas affirmed and Applicants' appeal followed.

 As a determinative matter, we conclude that the ZHB erred in denying Applicants' request for a validity variance. A validity variance "differs from the 'normal variance' in that the 'normal variance' is granted to adjust the zoning regulation to the particular property; a validity variance holds that the zoning regulation is restrictive to the point of confiscation and requires the issuance of a variance permitting a *reasonable* use of the land." *Hersh v. Zoning Hearing Bd. of Marlborough Twp.,* 90 Pa.Cmwlth. 15, 21–22, 493 A.2d

---

**5.** Act of July 31, 1968, P.L. 805, *added by* section 89 of the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10910.2(a).

**6.** Based on the issues presented, our scope of review is limited to determining whether the

ZHB erred as a matter of law. *Taliaferro v. Darby Twp. Zoning Hearing Bd.,* 873 A.2d 807, 811 n. 1 (Pa.Cmwlth.2005). We exercise plenary review of such legal issues.

807, 811 (1985) (emphasis added). When a validity variance is warranted, its issuance prevents an unconstitutional taking. *Laurel Point Assocs. v. Susquehanna Twp. Zoning Hearing Bd.*, 887 A.2d 796, 800–801 (Pa.Cmwlth.2005). In other words, a validity variance request is asserted in circumstances that essentially merit a zoning amendment.

■ As we noted in *Laurel Point*, an applicant for a validity variance must satisfy numerous criteria. Where applicable, an applicant must establish that "(1) the effect of the regulations complained of is unique to the applicant's property and not merely a difficulty common to other land in the neighborhood; and (2) the regulation is confiscatory in that it deprives the owner of the use of the property." *Id.* at 801. As we explain in our discussion regarding the additional applicability of Section 910.2 of the MPC, the uniqueness criterion is not always in play.

■ An applicant for a validity variance also must comply with the requirements for a variance found in Section 910.2 of the MPC.[7] Contrary to the ZHB's determination, however, an applicant need not meet each and every element necessary for the grant of a variance in order to establish grounds for a validity variance. Section 910.2(a) of the MPC requires a zoning hearing board to make findings regarding the variance criteria "where relevant," meaning that "not all criteria must be satisfied in every case and that the quantum of proof necessary to establish a particular criterion may vary depending on the type of variance sought." *Laurel Point*, 887 A.2d at 801 n. 9. Accordingly, the fact that there were other so-called landlocked properties without the requisite road frontage should not have automatically invalidated Applicants' request for a validity variance.[8]

7. In pertinent part, Section 910.2(a) of the MPC provides as follows:

The board may grant a variance, provided that all of the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property or be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

8. As Robert S. Ryan has noted,

[W]here an owner's land along with adjacent properties is denied any reasonable use by an unduly restrictive ordinance, the findings [regarding unique physical circumstances or conditions] should not be "relevant in [the] given case," and are not necessary. The practical effect of a contrary rule would be to force the landowner to seek relief under the Federal rules prohibiting takings without compensation.

Ryan, Robert S., 1 Pennsylvania Zoning Law and Practice, § 6.1.8 at 12 (2012). We conclude, therefore, that the ZHB in the present case erred in interpreting the variance criteria to require that the unnecessary hardship be unique to the property at issue. As we have observed regarding validity variances, "the key is the actuality of confiscation, and

Finally, in order to demonstrate that a property has no value or only a distressed value as a result of the regulation, an applicant for a validity variance must establish that: "(1) the physical features of the property are such that it cannot be used for a permitted purpose; or (2) that the property can be conformed for a permitted use only at a prohibitive expense; or (3) that *the property has no value for any purpose permitted by the zoning ordinance.*" *Id.* at 802 (emphasis added).

In the present case, the lots at issue do not fall within the ordinance's definition of a "lot," which requires frontage on a public road. Specifically, Section 201 of the ordinance defines "lot" as follows:

A tract, plot or parcel of land established by a subdivision plan or otherwise as permitted by law to be occupied or intended to be occupied by a principal building *or use,* or a group of buildings conforming with the regulations of this ordinance, and its accessory buildings and uses, including all open spaces required by this ordinance, and *having frontage on a public road.* [Emphasis added].

This provision is clear on its face, requiring that all lots in the Cv zone must abut to a public road. Section 309(i) of the ordinance also provides that "each lot shall have access to and abut to a public roadway." The ZHB erred in concluding that lots on which uses of right do not require a building, e.g. pasture and crops, must satisfy the definition of "lot." It ignores that Section 201 imposes the frontage requirement for all principal *uses,* not just build-

ings. Here, the fact that the parcels do not have frontage on a public road renders them completely unusable under the ordinance. Accordingly, the ordinance's regulation of Applicants' property is unreasonable and/or confiscatory in that it deprives them of all reasonable use of their property, rendering it essentially valueless. *Laurel Point,* 887 A.2d at 802.

Moreover, the ZHB erred in failing to recognize Applicants' right-of-way agreement with Mr. King, insisting on deeming the lots landlocked and imposing the additional requirement that access to a public road be only by fee simple ownership. Not only did the ZHB err in mischaracterizing the parcels as landlocked, but it also erred in distinguishing between access by way of easement and by fee simple ownership, a distinction nowhere to be found in the ordinance.[9]

Accordingly, having concluded that the ordinance's regulation of Applicants' property is unreasonable and/or confiscatory in that it deprives them of all reasonable use of their property, we reverse.

### ORDER

AND NOW, this 1st day of February, 2013, the order of the Court of Common Pleas of York County is hereby RE-VERSED.

---

confiscation is the unnecessary hardship." *Laurel Point,* 887 A.2d at 801.

9. We note that Section 309(i) of the ordinance requires only that a lot in the conservation district have access to and abut to a public roadway, without specifying the nature of that access and abutment.