# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mariano Tancredi,                       :
                    Appellant           :
                                        :
            v.                          :  No. 1599 C.D. 2014
                                        :  Argued:  October 6, 2015
The Zoning Hearing Board of             :
Lower Milford Township                  :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge[1]
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY SENIOR**
**JUDGE LEADBETTER**                                **FILED:  September 8, 2016**


Appellant Mariano Tancredi (Appellant or Property Owner) appeals from an order of the Court of Common Pleas of Lehigh County (common pleas) that affirmed an order of the Lower Milford Township Zoning Hearing Board (ZHB) denying his application for variances from certain requirements of the Lower Milford Township Zoning Ordinance of 2009 (Ordinance).  Appellant sought the variances in order to build an access driveway along an easement leading to his property.  We reverse.[2]

---

[1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

[2] Although the case was argued before a panel of this Court on October 6, 2015, by order dated October 13, 2015, the matter was held in abeyance pending mediation.  Because the parties
**(Footnote continued on next page…)**

The facts of this matter are relatively straightforward. Appellant is the owner since 2003 of a 12.93-acre property located in the Resource Conservation Zoning District of Lower Milford Township, Lehigh County. The property is wooded and undeveloped and is without access to a public road except by way of an easement over the property of Appellant's neighbor.[3] The easement is approximately 400-feet long and fifteen-feet wide and was conferred by Appellant's neighbor's predecessor-in-title. The easement is bounded on one side by the property line between the owner of the easement and an adjoining property owner. In other words, the easement runs parallel to the property line of the lot on which the easement is located and extends from the public road to the back end of the Property.

The Property Owner submitted an application for a driveway permit to the Township. In response, the Township's Building Code Official sent a letter to the Property Owner, rejecting the application and noting that before the Property Owner resubmitted the application he would have to obtain zoning relief relating to (1) set-backs required by Section 1301F.2 of the Township's Zoning Ordinance

---

**(continued…)**
were unable to reach a timely resolution of the matter in mediation, we vacated our October 13, 2015, order and, on February 9, 2016, directed the Chief Clerk to assign this matter for disposition. We note that, prior to argument, this Court directed the parties to be prepared to address a question that they failed to brief, *viz.*, whether the lower court's order should be affirmed based on the fact that, under the relevant zoning ordinance, an access driveway is solely for access to either a dwelling unit, commercial unit or industrial unit, none of which are involved herein. Nevertheless, after further review, we are satisfied that this case may be decided on the ground of Appellant's entitlement to a validity variance, an issue he both raised and preserved below.

[3] This neighbor is Mary Ann Wilson, who acknowledged that she bought the property in 1996 with the easement in place. Notes of Testimony (N.T.), Testimony of Mary Ann Wilson, ZHB Hearing dated December 4, 2013, at 31.

(Ordinance) and (2) woodland disturbances under Section 1004 of the Ordinance. The Property Owner, in apparent belief that the Building Official correctly concluded that he was required to obtain variance relief from both of these provisions, submitted to the ZHB variance requests, seeking relief from these two Ordinance provisions. The Property Owner indicated that the reason he wanted to construct the driveway was so he could build a single-family home, but he did not submit any plans or proposals for the construction of a dwelling.

The ZHB conducted a hearing on the variance requests and issued a decision denying the Property Owner's requests. The ZHB addressed only the Property Owner's request for a variance from the set-back requirements of Section 1301.F.2 of the Ordinance, which relates to "Off-Street Parking in Required Yards" and provides:

> The following standards shall apply except where modified subject to conditional use approval by the Board of Supervisors:
>
> 2. . . . . [A]ll parking areas and access drives . . . shall be set back at least five (5) feet from any lot lines.

Section 1301.F.2 of the Ordinance. The Ordinance defines a "lot line" to mean "[a]ny property boundary or a lot line dividing one lot from another." Section 201 of the Ordinance. The ZHB concluded that "[s]ince there are two separate adjacent properties (including the easement) Section 1301.F.2 requires that the access drive have a 5 foot set back from *each* property line." (Emphasis added.) In other words, in interpreting the Ordinance, the ZHB reasoned, without explanation, that the easement created a separate lot line in addition to the lot line that separates the two adjoining properties, and that, therefore, the Ordinance required set-backs from either edge of the easement. The Property Owner apparently never disputed this rationale. The ZHB noted the criteria for the grant of a variance and expressed

3

specific concern with the fact that the Property Owner did not submit plans to construct a dwelling on the Property. The ZHB concluded that the Property Owner failed to satisfy his burden to show a hardship and that the requested variance was the minimum variance that would afford relief.

The Property Owner appealed the ZHB's decision to the trial court, which affirmed the ZHB's decision without taking additional evidence, confirming the ZHB's reasoning and reliance upon the fact that the Property Owner did not submit a proposal for the development of the Property for a dwelling. Additionally, the trial court rejected the Property Owner's claim that the ZHB erred by failing to address his request for a variance for the removal of trees from the easement.[4] The trial court opined that because the Property Owner failed to demonstrate a right to an access driveway, the trial court did not need to address the tree-removal variance. The trial court also concluded that even if it was required to resolve that issue, the Property Owner failed to satisfy his burden to prove that an unnecessary hardship would result from the denial of the variance.

The Property Owner appealed to this Court,[5] raising the following claims and/or issues: (1) the Ordinance does not require the Property Owner to obtain a variance from Section 1004 of the Ordinance; and (2) the trial court erred in concluding that the ZHB properly denied the variance application.

---

[4] The terms of the easement provide the Property Owner with the right of ingress and egress to the Property (Reproduced Record at 28a).

[5] Where a trial court takes no additional evidence in an appeal from a zoning hearing board's denial of a variance, our review is limited to considering whether the zoning hearing board erred as a matter of law and whether substantial evidence supports all of the zoning hearing board's necessary factual findings. *McGonigle v. Lower Heidelberg Twp. Zoning Hearing Bd.*, 858 A.2d 663, 668 n.4 (Pa. Cmwlth. 2004).

On appeal to this Court, Appellant first argues that the trial court erred in concluding that, in order to build the sought-after access driveway, he was required to obtain a variance from Article X, Section 1004 of the Ordinance limiting woodland disturbance and requiring replacement of vegetation. In this regard, Appellant contends that, given the size of the easement, the area from which the trees are to be removed does not constitute "woodland(s)" as defined in the Ordinance and, similarly, removal of the trees does not constitute "clear-cutting" as also defined in the Ordinance.[6] Appellant also asserts that, given the size of the proposed driveway, including the setback requirements, there is no remaining space for replacement of vegetation. Because, however, Appellant did not raise before the ZHB the issue of whether Article X, Section 1004 applies herein, he may not raise it under the circumstances now presented. *See Myers v. State College Zoning Hearing Bd.*, 530 A.2d 526, 527-28 (Pa. Cmwlth. 1987) (providing that, unless permitted by the court on due cause shown, an appellant may not on appeal raise any issue not previously raised before the ZHB).[7]

Thus, the sole issue we must address is whether the trial court erred in concluding that the ZHB's denial of Appellant's variance requests was not contrary to law.

---

[6] Specifically, Appellant asserts that "woodland(s)" must encompass one-quarter acre or more pursuant to Article II, Section 201 of the Ordinance, and the easement containing the trees at issue is not quite that big. Ordinance sec. 201 at II-34. Moreover, because "clear-cutting" involves one half of an acre, and the easement is not that large, Appellant further argues that the proposed removal of all of the trees in the easement is not clear-cutting and therefore also not subject to the requirements of Article X, Section 1004. *Id.* at II-6.

[7] Appellant raised the issue in his appeal to the trial court, but common pleas did not address it.

Although not artfully set forth, by arguing that the ZHB decision denying his variance requests amounts to an unjust taking of his property, Appellant essentially argues that he is entitled to a validity variance. "A validity variance 'is based on the theory that an otherwise valid ordinance is confiscatory when applied to a particular tract of land, in that it deprives the owner of any reasonable use of his property.'" *Laurel Point Assocs. v. Susquehanna Twp. Zoning Hearing Bd.*, 887 A.2d 796, 800 (Pa. Cmwlth. 2005). (quotation omitted). Furthermore, the issuance of a validity variance is required to allow a reasonable use of the applicant's land, thus preventing an unconstitutional taking of his property. *Id.* "In other words, a validity variance request is asserted in circumstances that essentially merit a zoning amendment." *Hunt v. Zoning Hearing Bd. of Conewago Twp.*, 61 A.3d 380, 384 (Pa. Cmwlth. 2013).

As further noted in *Hunt* and *Laurel Point*, one who applies for a validity variance is required to prove that the regulation is confiscatory because it precludes the owner from using his property. *Hunt*, 61 A.3d at 384; *Laurel Point*, 887 A.2d at 801. Generally, one who applies for a validity variance must further comply with the variance requirements found in Section 910.2(a) of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *added by* section 89 of the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10910.2(a).[8] Nonetheless, an applicant for a validity variance is not required to

---

[8] Section 910.2 of the MPC, 53 P.S. § 10910.2, provides:

> (a) The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance, provided that all of the following findings are made where relevant in a given case:

**(Footnote continued on next page…)**

6

satisfy every element in every case. *Hunt*, 61 A.3d at 384; *Laurel Point*, 887 A.2d at 801. Instead, the ZHB must render findings on the variance criteria where those findings are "relevant." *Hunt, id.*; *Laurel Point, id.*; *see also* 53 P.S. § 10910.2(a). In this regard, we have explained that, with respect to validity variances, actuality of the confiscation is key, and the confiscation is the unnecessary hardship. *Hunt, id.*; *Laurel Point; id.*[9]

---

**(continued…)**

> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.
>
> (2) That because of such physical circumstances or condition, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
>
> (3) That such unnecessary hardship has not been created by the appellant.
>
> (4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.
>
> (5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

*See also* Article XIV, Section 1404 of the Ordinance relating to variances.

[9] We note that even with respect to garden variety variances, our Supreme Court has clarified that, in establishing a hardship, the applicant "is *not required* to show that the property at issue is valueless without the variance or that the property cannot be used for any permitted purpose." *Marshall v. City of Phila. and Zoning Bd. of Adjustment*, 97 A.3d 323, 330 (Pa. 2014) (emphasis in original).

Here, it is clear that in order to make any use of his property the Property Owner must have *meaningful* access and that he does not. He testified:

> Well, the previous owner was using it for hunting. I thought I was going to get into hunting, but never did. Every time he had to go to his property, he had to ask permission to Mrs. Wilson because it's impossible to just walk through those trees. So the only access, if Mrs. Wilson lets you walk on her property to get back there because there is no access and that was an issue. [sic] The very few times I went there, I just wouldn't go because, you know, if I went there and she's not home, it would be a trip wasted…. Right now I have no access at all. There is no way for me to get in there, other than a helicopter and a parachute.

Notes of Testimony (N.T.), ZHB Hearing dated December 4, 2013, at 39, 40. This testimony was not contradicted. Indeed, Ms. Wilson testified that Tancredi had accessed his property by "walk[ing] up against my paddock line, so you have never been kept out." *Id*. at 40-41. Even if the easement was to allow some access on foot, which evidently is not feasible, such access would hardly be meaningful if one cannot reach the property in any sort of motor vehicle.

In spite of this, the ZHB did not grant Appellant's variance application because it essentially determined that Appellant had created his own hardship. In this regard, the ZHB reasoned that "Applicant purchased the property without access to a public road and acknowledged at [the] hearing that he has used the landlocked property for hunting and recreation only." ZHB op. at 4. Aside from the fact that Appellant did not acknowledge (and the record does not support) any such hunting and recreation use, it is undisputed that the property was burdened by a lack of genuine ability to be accessed and, therefore used, long

8

before it was purchased by Appellant.[10] Accordingly, he did nothing to create the hardship. *See Solebury Twp. v. Solebury Twp. Zoning Hearing Bd.*, 914 A.2d 972, 977 (Pa. Cmwlth. 2007) (holding that purchase of property did not create a self-inflicted hardship forcing owners to seek variances where owners sought them to overcome hardships present from the property's topography and location near a historic district).

In addition, the testimony reflects that clearing the easement to build a driveway is the minimum variance needed to allow use of the property. Zoning Officer Richard Kinsey testified that he "[doesn't] see a way to put in a 10-foot wide driveway without disturbing almost every tree there." N.T., ZHB Hearing dated December 4, 2013, at 14. He further stated that "there is no way you could comply with our Zoning Ordinance the way it is written when it comes to these woodlands" and that, with respect to the variance requests, the Township has no position in the matter. *Id.* at 39. The ZHB found that Appellant's property is "undeveloped and wooded," ZHB op. at 1, Finding of Fact No. 4, and that, "to install a driveway, applicant must clear all of the woodlands in the easement area requiring a variance from Article X, Section 1004, limiting woodland disturbance and [requiring] vegetative replacement." *Id.* at 2, Finding of Fact No. 10.

Here, the ZHB's conclusion that Appellant failed to meet his burden is contrary to law where the record inexorably establishes that: (1) Appellant's property was landlocked but for the easement he obviously had the right to use; (2) Appellant could not reasonably use his property without the requested variances;

---

[10] The testimony reflected that the property became landlocked many years earlier when the Northeast Extension of the Pennsylvania Turnpike was built, and at this time the easements were created.

(3) Appellant did not create the hardship in this case; (4) the variances Appellant sought in order to build the access driveway are the minimum variances necessary to afford relief.

> This Court long ago stated that
>
> > the vital importance of a landowner's property right in an easement of access for ingress and regress . . . where his land is otherwise landlocked, is too obvious for discussion. . . . [T]he denial of the right to use it can result in the deprivation of every property right and use that attaches to his real property ownership.

*Taged, Inc. v. Zoning Bd. of Adjustment of Borough of Monroeville*, 276 A.2d 845, 849 (Pa. Cmwlth. 1971).

Because the key to proving entitlement to a validity variance is the actuality of confiscation, and Appellant is deprived of the reasonable use of his property absent the variances he seeks, the ZHB on this record clearly erred in denying Appellant's variance requests. Common pleas wrongly held otherwise and, accordingly, we reverse.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge Cohn Jubelirer did not participate in this decision.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mariano Tancredi,        :
      Appellant   :
            :
    v.       :  No. 1599 C.D. 2014
            :
The Zoning Hearing Board of  :
Lower Milford Township    :

## O R D E R

AND NOW, this 8th day of September, 2016, the order of the Court of Common Pleas of Lehigh County is hereby REVERSED.

         _____
         **BONNIE BRIGANCE LEADBETTER,**
         Senior Judge

Mariano Tancredi, : 
                Appellant : 
                           : 
        v. : No. 1599 C.D. 2014
                           : Argued: October 6, 2015
The Zoning Hearing Board of : 
Lower Milford Township : 

**BEFORE:  HONORABLE BONNIE BRIGANCE LEADBETTER, Judge**
                 **HONORABLE P. KEVIN BROBSON, Judge**
                 **HONORABLE ANNE E. COVEY, Judge**

*OPINION NOT REPORTED*

**DISSENTING OPINION**
**BY JUDGE BROBSON**                  **FILED:  September 8, 2016**

        Appellant Mariano Tancredi (Property Owner) sought a dimensional variance to clear-cut all trees within the existing ingress/egress easement for his property in order to construct an access driveway through the easement for vehicular access to his property. As reflected in the record, there has never been such vehicular access to the property. This was the case at the time Property Owner purchased the property in 2003, and it was the case at the time Property Owner sought a driveway permit from Lower Milford Township, Lehigh County, Pennsylvania (Township), in 2013.

        The Lower Milford Township Zoning Hearing Board (ZHB) denied Property Owner's variance request, concluding that Property Owner "did not present enough information to the Board to meet his burden, not only to show hardship, but that the variance, if granted, would represent the minimum variance that would afford relief." (ZHB Decision at 5, Reproduced Record (R.R.) 100a.)

Unlike the majority, I find no error with the ZHB's conclusion or the Court of Common Pleas of Lehigh County's affirmance. I also respectfully disagree with the majority's conclusion that this denial deprived Petitioner of any reasonable use of his property, such that a validity variance is warranted. There is no basis in fact or law to conclude that, in order to have reasonable use of his property, Property Owner must be allowed to clear-cut the entire easement area to construct an access driveway for motor vehicles.

An applicant for a variance must show, among other things, that the requested variance "*is necessary* to enable *the reasonable use* of the property." Section 910.2(a) of the Municipalities Planning Code (MPC) (emphasis added).[1] The property consists of 12.93 undeveloped and wooded acres within the Township's Resource Conservation Zoning District.[2] It is as it was when Property Owner purchased it. Ten years after purchasing the property, Property Owner sought permission from the Township to build an access driveway through the easement to the property so he could access the property by motor vehicle. He did not propose to develop the property in any way. Due to the dimensions and wooded nature of the easement area, however, Property Owner cannot construct an access driveway in strict conformity with the Ordinance, particularly the woodland disturbance restrictions set forth in Section 1004 of the Ordinance.

---

[1] Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L 1329, 53 P.S. § 10910.2(a). *See also* Section 1404 of the Milford Township Zoning Ordinance (Ordinance).

[2] Permitted uses within the Resource Conservation Zoning District include such uses as agriculture, woodlands conservation, forestry, commercial greenhouse, and single-family detached dwelling. Section 401 of the Ordinance.

PKB-2

I agree with the majority that there appears to be enough evidence in the record to support a finding that the easement area is so wooded and so overgrown that Property Owner has virtually, if not actually, no access to the property. The absence of any current access through the easement area, however, does not compel the conclusion that the ZHB must, as a matter of law, grant a variance to Property Owner to clear-cut the entire easement area to allow his preferred form of access to the property—*i.e.*, by motor vehicle. Baked into the majority's analysis is a presumption that every property owner must have access to his property by motor vehicle regardless of the current use or condition of the property and in the absence of any proposed alternative use. Under the majority's analysis, where the access driveway cannot be constructed in strict conformity with the local zoning ordinance, the property owner need not show necessity for an access driveway and a hardship to secure a variance. Respectfully, I cannot agree with the majority's view.

Under prevailing law, to satisfy his burden of proof, Property Owner had to establish that the access driveway is "necessary" to enable his "reasonable use" of the property. There is simply a dearth of evidence in the record to show that Property Owner must secure motor vehicle access to his property in order to "use" the property in its current, undeveloped state. In the absence of such evidence, I cannot support the majority's decision to set aside the woodland disturbance restrictions of the Ordinance and authorize the clear-cutting of the entire easement area for purposes of creating a driveway to access Property Owner's undeveloped parcel of land by motor vehicle. *Cf. In re Private Road in Speers Borough, II, Washington Cnty.*, 11 A.3d 902, 906 (Pa. 2011) (holding that

PKB-3

under Private Road Act,[3] board of view may consider other means of access, including waterways, to property to determine necessity of requested private road).

I agree with Property Owner that he is entitled to "use his property for whatever use that is permitted by the current Zoning Ordinance." (Pet'r Br. at 29.) Even in its undeveloped state, Petitioner has a right of ingress to and egress from the property through the easement. This case, however, is not about a right of access, it is about Property Owner's desired method of access. Property Owner's *desire* to construct an access driveway for motor vehicle access to the property is plain. There is nothing in the record, however, to indicate that Property Owner requires motor vehicle access. The majority, however, presumes this to be the case. Moreover, there is nothing in the record to indicate that Property Owner is unable to reduce/thin the trees and brush within the easement area in strict conformity with the Ordinance (or with some form of variance less than a clear-cutting of the entire easement area) so as to provide alternative, but nonetheless reasonable, access to his undeveloped property. I, therefore, find no error with the ZHB's conclusion that Property Owner failed to meet his burden and/or failed to seek the minimum variance that would afford relief.

I note that the ZHB left open the possibility that Property Owner may be entitled to the variance he seeks to construct an access driveway if he decides to develop the parcel for a use authorized under the Ordinance: "Applicant did not submit any plans for where he will place a proposed single family home and whether those plans meet the requirements of the zoning ordinance, *which would make the need for a driveway more compelling.*" (ZHB Decision at 4, R.R. 99a

---

[3] Act of June 13, 1836, P.L. 551, *as amended*, 36 P.S. §§ 1781-2891.

(emphasis added).) Section 201 of the Ordinance defines the term "access driveway" to mean "[a] privately owned, constructed, and maintained vehicular access from a street or access drive *to one dwelling unit*, commercial unit, or industrial unit." Section 201 of the Ordinance (Definitions) (emphasis added). Clearly, at the time of application, the property did not have any improvements, and, other than expressing a desire to construct a home on the property *at some indefinite time in the future*, Property Owner had not proposed any improvements. I agree with the ZHB's assessment that if Property Owner seeks to alter the current use of the Property (undeveloped woodlands) to another use permitted under the Ordinance that necessitates access to the property by motor vehicle, he would have a more compelling case for a dimensional variance. Without such an improvement, and in the absence of a showing that vehicular access is necessary for the Property Owner to use and enjoy his property in its current undeveloped state, the ZHB's conclusion that the Property Owner did not demonstrate a hardship or show necessity for an access driveway is reasonable.

For these reasons, I would affirm the order of the Court of Common Pleas of Lehigh County, which affirmed the ZHB's decision denying Property Owner's request for variances.

_____
P. KEVIN BROBSON, Judge

PKB-5